WHITE *v.* STATE.

(Division A. March 12, 1934. Suggestion of Error Overruled March 26, 1934.)

[153 So. 387. No. 31053.]

Martin & Berry, of Prentiss, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by G. L. Martin and Ovie L. Berry, for appellant, and by W. D. Conn, Jr., for appellee.

Cook, J., delivered the opinion of the court.

The appellant was indicted and convicted in the circuit court of Jefferson Davis county on a charge of assault and battery with intent to kill and murder, and was

sentenced to serve a term of five years in the state peni-
tentiary; and from this conviction and sentence this
appeal was prosecuted.

A shotgun was fired into the Pleasant Hill Baptist
Church at a time when a large crowd was assembled
therein for religious services. The load of shot struck
and wounded Tolbert Dukes and others who were seated
in the building. As to who fired the shot, the testimony
is in sharp conflict. Several witnesses testified that they
saw appellant at or near the church with a shotgun
partially concealed under his clothing, while two wit-
nesses testified that they saw him fire this gun into the
church building through an open window. The defense
offered by the appellant was an alibi.

The principal assignment of error is based upon the
action of the court below in overruling a demurrer to
the indictment; the contention being that the indictment
is fatally defective, in that it does not charge an intent
"to kill and murder" some human being situated in said
building, but merely charges an intent "to kill" some
human being situated in said building.

Omitting the formal parts, the indictment reads as
follows: "That Dewey White in said county and state,
on or about the —— day, August, A. D., 1933, did wil-
fully, unlawfully, feloniously and of his malice afore-
thought commit an assault and battery upon the person
of one Tolbert Dukes, a human being, with a certain
deadly weapon, to-wit: a shotgun, by then and there
wilfully shooting into Pleasant Hill Church building with
said weapon at a time when said church building was
occupied by many human beings, among whom was the
said Tolbert Dukes, he, the said defendant not then and
there knowing or caring who would be thereby killed,
but acting of a depraved mind and with the felonious
intent of him, the said defendant, then and there to kill
some human being situated in said building, and then
and there thereby shooting and wounding the said Tol-

bert Dukes with said weapon, in the manner aforesaid, contrary to section 987 of the Mississippi Code of 1930, and against the peace and dignity of the State of Mississippi.''

Section 787, Code 1930, makes an assault and battery with a deadly weapon or other means or force likely to produce death, with intent to kill and murder, a crime punishable by imprisonment in the penitentiary for not more than ten years, while section 985, subsection (b), defines murder as the killing of a human being, without the authority of law, by any means or in any manner ''when done in the commission of an act eminently dangerous to others, and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual.''

The indictment sought to charge an intent to murder as murder is defined in subsection (b) of the said section 985, by charging an assault and battery on the party wounded, by the commission of an act eminently dangerous to him and others, which evinced a depraved heart, having no regard for human life, but having no premeditated design to effect the death of any particular individual. The indictment does not charge a specific intent to kill a particular person, but charges a willful, unlawful, felonious, and malicious assault and battery upon one in the crowd, with the felonious intent to kill some one of them. Under a charge that one shot into a body of men indiscriminately with the intention of killing one, not knowing or caring which one, evidence of the specific intent is furnished by the legal presumption that one who so shoots recklessly into a crowd intends to kill all or any one of the crowd. Gentry v. State, 92 Miss. 141, 45 So. 721.

The indictment charged that the appellant did willfully, unlawfully, feloniously, and with malice aforethought commit assault and battery upon a specific person, one of a body of men, under circumstances and with

an intent which would necessarily have made him guilty of murder if the person alleged to have been assaulted had died of the wounds inflicted. Consequently, the indictment sufficiently charged an assault and battery with intent to murder.

It is also contended that the indictment is defective because it concludes with the words, "contrary to section 987, Mississippi Code of 1930, and against the peace and dignity of the State of Mississippi." This reference to section 987, Code 1930, is manifestly erroneous, as that section merely provides the penalty that may be imposed upon a conviction for murder. However, this reference to the statute was mere surplusage in the indictment, and the appellant could not have been prejudiced by this erroneous reference thereto. Smith v. State, 58 Miss. 867.

The appellant next complains of the admission of certain evidence tending to show a motive for the killing of one in the church other than the one charged to have been the object of the assault and battery. One who shoots recklessly into a crowd in utter disregard of human life is presumed to intend to kill all or any of the crowd; and evidence tending to establish a motive to kill one of the crowd is admissible, particularly as bearing upon the identity of the one who fired the shot.

During the cross-examination of Babe White, the father of appellant and a witness in his behalf, he was asked if the accused at the time he was arrested did not state to the sheriff, in the presence of others, that he had not left the home of his sister on the night of the shooting, and that he did not know anything about the shooting. This witness stated at one time that the appellant did make the statements, but later retracted this, and denied that he had heard him make them. In rebuttal, over the objection of the appellant, the sheriff was permitted to testify that the appellant did make these statements; and the admission of this testimony of the sheriff is

assigned as error. We are inclined to the view that this testimony was not admissible in rebuttal, but its admission did not constitute reversible error. The statement, if made by the appellant, was, in part, in accord with the theory of his defense, and we do not think any part of the statement could have had any material influence on the verdict of the jury.

The peremptory instruction requested by the appellant was properly refused. It was the province of the jury to pass upon the conflicting testimony; and the testimony offered by the state, if believed, amply supports the verdict.

The appellant assigns as error the refusal of certain other instructions requested by him, but no argument is advanced in support of that assignment. The instructions granted to the appellant fully cover the applicable principles of law, and the refusal of other instructions requested presents no reversible error.

The judgment of the court below will therefore be affirmed.

Affirmed.