876 So.2d 422 (2004)
Clara BROWN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00584-COA.
Court of Appeals of Mississippi.
April 6, 2004.
Rehearing Denied June 29, 2004.
*423 Clara Brown, appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Clara Brown pled guilty to murder and was sentenced to serve life imprisonment in the custody of the Mississippi Department of Corrections. Brown filed a motion for post-conviction relief claiming her guilty plea was involuntary and that she received ineffective assistance of counsel. The circuit court denied her motion for post-conviction relief. On appeal, we find no merit to the issues raised, and affirm.

ANALYSIS

1. Involuntary Plea
¶ 2. Brown argues that her guilty plea was involuntary because she believed she was pleading guilty to manslaughter. She argues that her belief was based on statements made by her counsel. Brown does not state with particularity exactly what her counsel said that caused her misconception. In general terms, Brown claims that her counsel told her that by pleading guilty to manslaughter she would not serve life, but twenty years with probation.
¶ 3. A plea is considered "voluntary and intelligent" if the defendant is advised about the nature of the charge and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The defendant must be instructed that a guilty plea waives his or her rights to a jury trial, to confront adverse witnesses, and to protection against self-incrimination. Id.
¶ 4. Brown bears the burden of proving by a preponderance of the evidence that she is entitled to post-conviction relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). "Once the trial judge has determined at a preliminary *424 hearing that a confession is admissible, the defendant/appellant has a heavy burden in attempting to reverse that decision on appeal." Sills v. State, 634 So.2d 124, 126 (Miss.1994) (quoting Frost v. State, 483 So.2d 1345, 1350 (Miss.1986)). "Such findings are treated as findings of fact made by a trial judge sitting without a jury as in any other context. As long as the trial judge applied the correct legal standards, his decision will not be reversed on appeal unless it is manifestly in error, or is contrary to the overwhelming weight of the evidence." Foster v. State, 639 So.2d 1263, 1281 (Miss.1994).
¶ 5. Brown provided no evidence to support her claim that her plea was involuntary based on her belief that she was pleading guilty to manslaughter and not murder. Brown did not produce any evidence of what statements her counsel made that caused her to believe that she was pleading guilty to manslaughter. The record clearly contradicts her claim.
¶ 6. During the plea hearing, Brown acknowledged that her counsel explained the indictment and each element of the crime to her. Brown stated on the record that she was satisfied with her counsel's representation. The circuit judge informed Brown that the maximum penalties for murder were a life sentence and a $10,000 fine. The judge told Brown that there was no minimum sentence or fine for murder. Brown acknowledged that she understood that a guilty plea waived all of her rights and placed her in a position where she could be sentenced by the court to the maximum penalty provided by law.
¶ 7. The circuit judge fully advised Brown of her constitutional rights. Brown stated that she understood each of these rights. Brown acknowledged her plea was offered freely, voluntarily, and without any threat or promise having been made to her. Brown admitted that her counsel was present with her each time she was before the court, that he answered all of her questions, and she was satisfied with his representation. Brown stated she was pleading guilty because she was in fact guilty, and she was satisfied that the State could prove beyond a reasonable doubt that she was guilty.
¶ 8. The record is clear. The circuit judge fully explained the nature of the charges and the consequences of her guilty plea. The record also contradicts Brown's claim that she was under the impression she was pleading guilty to manslaughter. Indeed, the judge talked to her about the crime of murder not manslaughter. Based on our review of the plea transcript, Brown entered a guilty plea to the charge of murder in a manner that was knowing, voluntary, and intelligent. Therefore, the circuit court did not commit error in denying relief on this assignment of error.

2. Ineffective assistance of counsel
¶ 9. Brown next claims she received ineffective assistance of counsel. Brown asserts that her counsel failed to properly advise her of the maximum penalty. Brown again argues that statements made by her counsel caused her to believe that she was pleading guilty to manslaughter. Brown claims that this belief arose from her receiving ineffective assistance of counsel.
¶ 10. In reviewing a claim of ineffective assistance of counsel, we apply a two-part test. The defendant must demonstrate his or her counsel's performance was deficient and that this deficiency prejudiced him or her in such a way that it denied her a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This deficiency is assessed by looking at the totality of the circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). Mississippi law creates a *425 strong presumption "that trial counsel's conduct is within the wide range of reasonable conduct and that decisions made by trial counsel are strategic." Vielee v. State, 653 So.2d 920, 922 (Miss.1995).
¶ 11. In the record before us, Brown has failed to demonstrate that her counsel's performance was deficient. Brown provided no evidence to support her claim that she believed she was pleading guilty to manslaughter. Brown failed to specify which statements, if any, made by her counsel supported her allegation that she believed she was pleading guilty to manslaughter. Brown produced no evidence to support her claim that her counsel failed to advise her of the maximum penalty she faced. Brown acknowledged that her counsel explained the indictment and elements of the crime to her and that she was satisfied with her counsel's representation. The circuit judge also informed Brown of the maximum penalty for murder.
¶ 12. Brown has not demonstrated that she would have received a different outcome but for her counsel's actions. Even assuming that Brown's counsel made statements that caused her to believe that she was pleading to manslaughter and failed to inform her of the maximum penalties, the circuit judge's questioning during the plea hearing cleared up any misconception. The circuit judge clearly explained the maximum penalties for murder and that there was no minimum sentence or fine for murder.
¶ 13. Considering the totality of the circumstances, the performance of Brown's trial counsel was neither deficient nor did it prejudice Brown. Therefore, this assignment of error is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO PIKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.