GRIFFIS, J.,
for the Court.
¶ 1. Carlton Dearman pled guilty to the sale of a controlled substance in violation of Mississippi Code Annotated section 41-29-139 (Rev.2004). Dearman was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections with twenty years suspended, five years of post-release supervision, and a fíne of $250.
¶ 2. Dearman, pro se, filed a motion for post-conviction relief, which was denied by the trial court. On appeal, Dearman asserts the following errors: (1) the trial court abused its discretion in denying an evidentiary hearing, (2) his guilty plea was induced by threats, coercion, fear, and deception, (3) he was denied his constitutional right to a speedy trial, (4) the indictment was defective and, therefore, he received an illegal sentence, (5) he received ineffective assistance of counsel, and (6) the trial court abused its discretion again when it failed to rule on the pending motions.
STANDARD OF REVIEW
¶ 3. In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3)(Miss.Ct.App.2002).

ANALYSIS

I. Evidentiary Hearing

¶ 4. Dearman maintains that he was denied an opportunity to present evidence supporting his claims of errors by the trial court. He claims that he was entitled to an evidentiary hearing under the Mississippi Uniform PosNConviction Collateral Relief Act, Mississippi Code Annotated Sections 99-39-1 to 29 (Rev.2000).
¶ 5. The right to an evidentiary hearing is not guaranteed. Mississippi Code Annotated Section 99-39-19(l)(Rev.2000) provides that the trial judge has discretion in allowing an eviden-tiary hearing:
If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evi-dentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require.
The trial court is simply not required to grant an evidentiary hearing on every petition it entertains. Rowland v. Britt, 867 So.2d 260, 262(¶ 8)(Miss.Ct.App.2003), citing McMillian v. State, 774 So.2d 454(¶ 6)(Miss.Ct.App.2000).
¶ 6. Trial courts are authorized to dismiss post-conviction relief motions if there are no disputed or disputable facts. Dearman’s petition for post-conviction relief fails to include any affidavits, other than his, or evidence to support his claims. This Court has consistently held that mere allegations in the pleadings, otherwise undisputed, are not sufficient to require an *711 evidentiary hearing. McCuiston v. State, 758 So.2d 1082, 1085(¶ 9)(Miss.Ct.App.2000), citing Cole v. State, 666 So.2d 767, 777 (Miss.1995). The plea agreement signed by Dearman thoroughly explained the proceedings and the effect of his pleading guilty. Therefore, by signing the petition, Dearman affirmed that he understood the consequences of his guilty plea. It was not error for the trial judge to deny Dearman an evidentiary hearing.

II.Involuntary Guilty Plea

¶ 7. Dearman claims that his plea was involuntary because of threats made by his attorneys. Dearman claims that he was coerced into pleading guilty by his attorneys’ advice that he would face charges as a habitual offender if he went to trial.
¶ 8. At the outset, we recognize that Dearman has the burden of proving that the guilty plea was involuntary by a preponderance of the evidence. Brown v. State, 876 So.2d 422, 423(¶ 4)(Miss.Ct.App.2004); McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). “It is an appellant’s duty to justify his arguments of error with a proper record, which does not include mere assertions in his brief, or the trial court will be considered correct.” American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995). Facts alleged to exist by Dearman must be proved and placed before this Court by a record certified as required by law; otherwise, we cannot know of their existence. Phillips v. State, 421 So.2d 476, 478 (Miss.1982). Dearman fails to support his allegations by facts established within the record. There is no transcript of the plea hearing. Dearman merely offers the plea agreement as an exhibit attached to his appellate brief. The existence of his claims within his brief alone cannot be relied upon by this Court.
¶ 9. We are limited by the record before us on appeal. Without more information contained in the record, this Court is unable to determine whether the weight of the evidence supports the verdict. Thus, we find that Dearman has failed to establish the facts he asserts support his argument. Therefore, the trial court must be deemed correct in the holding that the factual basis for the conviction of Dearman existed. We find no merit to this issue.

III. Defective Indictment.

¶ 10. Dearman also argues that the indictment was defective given the lack of evidence. It is a well-settled principle of law that a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant. Reeder v. State, 783 So.2d 711, 720(¶ 36)(Miss.2001), citing Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990). The signed guilty plea petition indicates that Dearman was informed of the charges against him. Therefore, by pleading guilty, Dearman waived his right to appeal based upon the indictment. This issue is also without merit.

IV. Ineffective assistance of counsel.

¶ 11. The standard applied to claims of ineffective assistance of counsel was first articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by the United States Supreme Court. To prove ineffective assistance of counsel, Dearman must demonstrate that his counsel’s performance was deficient and that this deficiency prejudiced Dearman’s defense. Id. at 687, 104 S.Ct. 2052. The burden of proof rests with Dearman, and we will measure the alleged deficiency within the totality of circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995); Carney v. State, 525 *712 So.2d 776, 780 (Miss.1988); Read v. State, 480 So.2d 882, 839 (Miss.1983). However, a presumption exists that the attorney’s conduct was adequate. Burns v. State, 813 So.2d 668, 673(¶14) (Miss.2001); Stringer v. State, 454 So.2d 468, 477 (Miss.1984).
¶ 12. Dearman contends that his counsel was ineffective due to the following reasons: (1) his counsel failed to investigate “the record or the law,” (2) his counsel did not pursue Dearman’s complaints about the indictment, (3) his counsel did not advocate Dearman’s right to a speedy trial, (4) his counsel failed to challenge the absence of a lab’s confirmation that the controlled substance was in fact oxyco-done, (5) his counsel coerced him into pleading guilty, (6) his counsel “instructed Dearman to lie at the guilty plea hearing and threatened Dearman with thirty mandatory years as a habitual offender if he failed to do so,” (6) his counsel’s “cumulative errors” denied Dearman’s Sixth Amendment right to effective assistance of counsel.
¶ 13. Dearman emphasized his attorney’s failure to file motions to dismiss on the grounds of due process and speedy trial violations in arguing his counsel’s ineffectiveness. Dearman entered a guilty plea. The Mississippi Supreme Court has held that a guilty plea waives the right to a speedy trial and, therefore, will not be a basis for relief on a motion for post-conviction relief. Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991). Dearman signed the guilty plea petition as evidenced by the exhibit he provides attached to his appellate brief. Therefore, we find this part of the issue to be without merit.
¶ 14. We find no merit to Dearman’s other argument. Dearman must assert some critical evidence that would have been discovered had it not been for counsel’s alleged deficiencies. Ivy v. State, 589 So.2d 1263, 1265 (Miss.1991). Dearman makes no such allegation establishing his arguments as credible. Furthermore, Dearman failed to object to counsel’s representation when given the opportunity. The plea agreement that Dearman signed specifically addressed the adequacy of his counsel and he offered no complaint. Upon review, we find the trial court was correct in ruling that Dearman did not meet his burden of proof. Thus, we find no error.

V. Abuse of discretion.

¶ 15. Finally, Dearman argues that the trial court erred by refusing to dispose of Dearman’s pending motions before accepting his guilty plea. Specifically, Dearman avers that his “motion for demur” and his “motion to quash [the] indictment” should have been considered. The signed plea agreement waived his right to challenge the evidence against him. The acceptance of the plea agreement disposed of all pending motions.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ. CONCUR.