916 So.2d 550 (2005)
Morris EVANS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-00772-COA.
Court of Appeals of Mississippi.
December 13, 2005.
*551 Johnnie McDaniels, attorney for appellant.
Office of the Attorney General by Jose Benjamin Simo, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. In January 2003, the Appellant, Morris Evans ("Morris"), was convicted of "statutory rape" in the Circuit Court of Claiborne County. Morris was sentenced to thirty years with the Mississippi Department of Corrections ("MDOC"), with twenty years to serve and ten years suspended. Aggrieved by his conviction and sentence, Morris appeals. Finding no error, we affirm.

FACTS
¶ 2. On February 2, 2002, Morris received a call from his cousin, the victim, requesting that he give her a ride to her boyfriend's home. Morris picked her up in his vehicle, and while en route to her boyfriend's home, pulled the vehicle over, forcefully performed oral sex on her, and raped her. The victim went to the hospital to have a rape kit performed the next day. The results of the DNA analysis performed as a result of that rape kit did not exclude Morris as the source of the DNA subsequently identified.
¶ 3. Morris was indicted in January 2003 for the crime of "statutory rape," which the indictment identified as "willfully, unlawfully, feloniously and forcibly rap[ing] and ravish[ing the victim] without consent and against [her] will ... contrary to and in violation of Section 97-3-65(3)(a) of the Mississippi Code of 1972." Additionally, at Morris's trial, jury instruction S-3 identified the crime as "statutory rape," but identified the same elements as the indictment. Morris did not object to this instruction at trial.
¶ 4. The jury found Morris guilty of "statutory rape," as per jury instruction S-3, and Morris was sentenced to thirty years with the MDOC, serving twenty years and with ten years suspended. Aggrieved, Morris appeals, asserting that: (1) the indictment was not sufficient to notify him that he was being prosecuted for "statutory rape"; (2) the evidence presented at trial did not meet the requirements of the statutory rape statute; (3) the trial court committed reversible error by denying his motion for judgment notwithstanding the verdict; and (4) the sentence imposed upon him by the trial court was arbitrary.

ISSUES AND ANALYSIS

I. Whether the indictment was sufficient to notify Morris that he was being prosecuted for "statutory rape."
¶ 5. We first note that the issue of whether an indictment is so flawed as to warrant reversal is a question of law and allows this Court a broad standard of review. Steen v. State, 873 So.2d 155, 161(¶ 21) (Miss.Ct.App.2004) (citing Peterson v. State, 671 So.2d 647, 652 (Miss. 1996)). The primary purpose of an indictment is to notify a defendant of the charges against him so as to allow him to prepare an adequate defense. See Lewis v. State, 897 So.2d 994, 996(¶ 9) (Miss.Ct. App.2004). All that is required is that the indictment provide "a concise and clear statement of the elements of the crimes *552 charged." Williams v. State, 445 So.2d 798, 804 (Miss.1984).
¶ 6. The indictment in this case labeled the charge against Morris as "statutory rape," but went on to list the elements of forcible rape. In addition, the indictment erroneously listed Mississippi Code Annotated § 97-3-65(3)(a) as the section for forcible rape, rather than the proper section, § 97-3-65(4)(a).[1] However, the incorrect citation of a statute number does not alone render an indictment defective, but rather is "mere surplusage" and not prejudicial to a defendant. White v. State, 169 Miss. 332, 153 So. 387, 388 (1934). When an indictment provides the essential elements of the crime, the statutory subsection under which the defendant was charged need not be specified. Carroll v. State, 755 So.2d 483, 487 (¶¶ 9-11) (Miss.Ct.App.1999). Furthermore, the erroneous labeling of the crime charged as "statutory rape" was not fatal to the indictment, as the elements of the crime charged, forcible rape, were clearly enumerated. Because all that is required is a "clear and concise statement of the elements of the crime charged," we find that the mislabeling of the crime as "statutory rape" was mere surplusage and not prejudicial to Morris's ability to prepare an adequate defense. For the above reasoning, this assignment of error is without merit.

II. Whether the evidence presented at trial met the requirements of the statutory rape statute.
¶ 7. Morris next contends that the evidence presented at trial was insufficient to support a conviction for "statutory rape." Because, as stated above, we find that the mere mislabeling of the crime as "statutory rape" did not prejudice Morris, as the elements of forcible rape were clearly set forth in the indictment and jury instruction S-3, this assignment of error is without merit. Were the crime with which Morris was charged actually "statutory rape," this argument would potentially prove valid. The crime of "statutory rape" is defined in Mississippi Code Annotated § 97-3-65(1) as when:
(a) Any person seventeen (17) years of age or older has sexual intercourse with a child who:
(i) Is at least fourteen (14) but under sixteen (16) years of age;
(ii) Is thirty-six (36) or more months younger than the person; and
(iii) Is not the person's spouse; or
(b) A person of any age has sexual intercourse with a child who:
(i) Is under the age of fourteen (14) years;
(ii) Is twenty-four (24) or more months younger than the person; and
(iii) Is not the person's spouse.
Miss.Code Ann. § 97-3-65(1)(a)-(b) (Supp. 2005). This is clearly a completely different crime than that with which Morris was charged. The elements with which Morris was actually charged constitute the crime of forcible rape and the evidence at trial was clearly sufficient to support a conviction for that crime. Enumeration of the proper elements of the crime is the tantamount concern in allowing a defendant to prepare an adequate defense. Morris argues that, had he known he was being charged with "statutory rape" as defined in § 97-3-65(1), he would have prepared additional affirmative defenses. However, as is clearly evident from the record and *553 the elements charged in the indictment and jury instruction S-3, Morris was charged with and convicted of forcible rape rather than "statutory rape." Therefore, we find this assignment of error without merit.

III. Whether the trial court committed reversible error by denying Morris's motion for judgment notwithstanding the verdict.
¶ 8. The standard of review in determining whether a trial court properly denied a motion for judgment notwithstanding the verdict in a criminal case concerns the sufficiency of the evidence at the time of such denial. Withers v. State, 907 So.2d 342, 350-51(¶ 24) (Miss.2005). "The evidence is viewed in the light most favorable to the State. All credible evidence supporting the conviction is taken as true; the State receives the benefit of all favorable inferences reasonably drawn from the evidence." Id. (citations omitted). "Only where the evidence, as to at least one of the elements of the crime charged, is such that a reasonable and fair minded jury could only find the accused not guilty, will this Court reverse." Id.
¶ 9. As discussed above, the evidence at trial clearly supported a conviction for every element of forcible rape. Evidence was presented that Morris forcibly raped the victim against her will and without her consent. Furthermore, the DNA evidence presented in the case did not exclude Morris as a suspect. Thus, the evidence was sufficient to allow a reasonable and fair minded jury to find the defendant guilty of the crime charged. As such, we find this assignment of error without merit.

IV. Whether the sentence imposed upon Morris by the trial court was arbitrary.
¶ 10. A conviction for forcible rape allows a jury to sentence a defendant up to life imprisonment. See Miss.Code Ann. § 97-3-65(4)(a). If the jury chooses not to sentence a defendant convicted of forcible rape to life imprisonment, "the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine." Id. Because Morris's sentence was well within the statutory guidelines, we find this assignment of error without merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY OF CONVICTION OF STATUTORY RAPE AND SENTENCE OF THIRTY YEARS, WITH TWENTY YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TEN YEARS SUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.
NOTES
[1] Mississippi Code Annotated § 97-3-65(3)(a) was the forcible rape section prior to amendments to § 91-3-65 in 1998, after which § 97-3-65(4)(a) became the forcible rape section.