944 So.2d 103 (2006)
Dwight BROWN a/k/a Dwight Douglas Brown, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00417-COA.
Court of Appeals of Mississippi.
May 30, 2006.
Rehearing Denied August 29, 2006.
Certiorari Denied December 14, 2006.
*104 Dwight Brown (pro se), attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Dwight Brown was indicted on a charge of capital murder, pled guilty to manslaughter, and was sentenced to serve twenty years imprisonment in the custody of the Mississippi Department of Corrections ("MDOC"). Brown subsequently filed a motion for post-conviction relief ("PCR"), which was denied. Aggrieved, Brown appeals. Finding no error, we affirm.

FACTS
¶ 2. Brown was charged with capital murder for the murder of Robert Bankford, a public official. Brown entered a guilty plea to the lesser offense of manslaughter and was sentenced by the trial court to twenty years imprisonment in the custody of the MDOC. Brown now appeals, pro se, asserting that: (1) the trial court erred by failing to find that his guilty plea was involuntary; (2) the trial court's failure to address all issues raised by Brown's PCR motion requires reversal; (3) he received ineffective assistance of counsel; (4) the trial court erred in failing to grant an evidentiary hearing before denying Brown's PCR motion.

STANDARD OF REVIEW
¶ 3. We will reverse a trial court's decision to deny post-conviction relief only where the decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999) (citing State v. Tokman, 564 So.2d 1339, 1341 (Miss.1990)).

ISSUES AND ANALYSIS
I. Whether the trial court erred by failing to find Brown's guilty plea involuntary.
¶ 4. Brown's grounds for arguing that his guilty plea was involuntary are that (a) the trial court failed to find a factual basis *105 for the plea, and it was therefore involuntary as a matter of law, and (b) his guilty plea was a product of coercion because his attorney withheld crucial information from him concerning the foundation for the capital murder charge under the indictment.
¶ 5. A guilty plea is not binding upon the accused unless made knowingly and voluntarily. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (citing Myers v. State, 583 So.2d 174, 177 (Miss.1991)). If the accused is made aware of the nature of the charges against him and the consequences of the plea, then the plea is deemed "knowing and voluntary." Alexander, 605 So.2d at 1172 (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). The trial judge must "`inquire and determine' that the accused understands the maximum and minimum penalties to which he may be sentenced." Alexander, 605 So.2d at 1172. To require reversal on the grounds of an involuntary guilty plea, Brown must prove by a preponderance of the evidence that his plea was involuntary. Dearman v. State, 910 So.2d 708, 711(¶ 8) (Miss.Ct.App.2005) (citing Brown v. State, 876 So.2d 422, 423(¶ 4) (Miss.Ct.App.2004); McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989)). Brown must provide record support for his allegations of fact. Dearman, 910 So.2d at 711(¶ 8) (citations omitted).
¶ 6. In the case sub judice, Brown received a copy of the indictment enumerating the elements of the crime with which he was charged. He further signed a plea petition stating that he was not promised anything, coerced or induced into entering a guilty plea, and that he understood all matters set forth in the petition. The petition additionally stated that he offered his guilty plea freely and voluntarily.
¶ 7. In addition, much of Brown's argument revolves around the fact that the wrong subsection letter of Mississippi Code Annotated Section 97-3-19(2) (Rev. 2000) was cited in the indictment. The indictment charged Brown as follows:
THE GRAND JURORS of the State of Mississippi, taken from the body of good and lawful men and women of Humphreys County, Mississippi, being duly selected, empaneled, sworn and charged in the Circuit Court of Humphreys County, Mississippi, upon their oaths, present that: DWIGHT DOUGLAS BROWN, did, on or about the 06th day of March, 1999, in the Humphreys County, Mississippi, unlawfully, willfully, feloniously, and without authority of law, kill and murder Robert Bankhead, a human being, and an elected official of Humphreys County, Mississippi, to-wit: Supervisor of Humphreys County, Mississippi, the said DWIGHT DOUGLAS BROWN, then and there knowing that said Robert Bankhead was such public official, in violation of Section 97-3-19(2)(g) of Mississippi Code of 1972, as amended against the peace and dignity of the State of Mississippi.
Brown argues that Section 97-3-19(2)(g) requires the murder to be committed on educational property, which the facts do not support in his situation. Thus, he argues, there was no factual basis for his guilty plea, as the State could not have proven the charge against him. He bases his argument as to coercion by his attorney on the same grounds, i.e., that he pled guilty under coercion because his attorney told him he could get the death penalty, but failed to mention to him the element of educational property.
¶ 8. It is clear from the indictment that the State actually charged Brown with capital murder under Mississippi Code Annotated Section 97-3-19(2)(h) (Rev.2000), which makes murder of an elected official a capital offense. Section 97-3-19(2)(h) (Rev.2000) states: *106 "Murder which is perpetrated by the killing of any elected official of a county, municipal, state or federal government with knowledge that the victim was a public official [constitutes capital murder]." The clerical error committed by the State in mistakenly listing the subsection letter "(g)" rather than "(h)" in the indictment does not warrant reversal, as the elements of the offense with which Brown was actually charged are clearly enumerated in the indictment. The primary purpose of an indictment is to notify an accused of the charges against him in order to allow him to prepare an adequate defense. Evans v. State, 916 So.2d 550, 551(¶ 5) (Miss.Ct.App. 2005) (citing Lewis v. State, 897 So.2d 994, 996(¶ 9) (Miss.Ct.App.2004)). This simply means that an indictment must provide the accused with "a concise and clear statement of the elements of the crime" with which the accused is actually charged. Evans, 916 So.2d at 551-52(¶ 5) (citing Williams v. State, 445 So.2d 798, 804 (Miss.1984)). "[T]he incorrect citation of a statute number does not alone render an indictment defective, but rather is `mere surplusage' and not prejudicial to a defendant." Evans, 916 So.2d at 552(¶ 6) (citing White v. State, 169 Miss. 332, 332, 153 So. 387, 388 (1934)).
¶ 9. Because of the above reasoning, this assignment of error is without merit. Brown has presented us with insufficient evidence to prove that his guilty plea was involuntary. We therefore see no clear error, and affirm the trial court's denial of Brown's motion for PCR with regard to this issue.
II. Whether the trial court's failure to address all issues raised by Brown's PCR motion requires reversal.
¶ 10. Brown next argues that the trial court's denial of his motion for PCR should be reversed because the trial court failed to address the issue of whether his sentence of twenty years was excessive for a first-time offender. This issue is plainly without merit, as it is within the trial court's absolute discretion to impose any sentence within the bounds allowed by statute. See Johnson v. State, 904 So.2d 162, 170(¶ 25) (Miss.2005). The manslaughter statute allows sentences of up to twenty years. Miss.Code Ann. § 97-3-25 (Rev.2000). Brown was sentenced to twenty years. Because Brown's claim as to this issue was so completely meritless upon its face, we see no clear error in the trial court's failure to address it directly.
III. Whether Brown received ineffective assistance of counsel.
¶ 11. Mississippi has adopted the test for ineffective assistance of counsel announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Alexander v. State, 605 So.2d 1170, 1173 (Miss.1992). Strickland requires the defendant to prove that, considering the totality of the circumstances, (1) trial counsel's performance was deficient, and (2) defendant was prejudiced as a result. Colenburg, 735 So.2d at 1103(¶ 9). "The defendant must show that but for his attorney's errors, there is a reasonable probability that he would have received a different result in the trial court." Id. "A strong but rebuttable presumption, that counsel's performance falls within the wide range of reasonable professional assistance, exists." Id. "Scrutiny of counsel's performance by this Court must be deferential." Id.; see also Ahmad v. State, 603 So.2d 843, 848 (Miss.1992) (discussing scope of review on appeal for counsel's performance).
¶ 12. Again, Brown bases his main argument on his attorney's "fail[ure] to advise *107 . . . Brown that the prosecution could not legally obtain a death sentence under the indictment where the element of `commission of murder on educational property' was not present." As discussed above, this argument is clearly without merit, as the indictment clearly informed Brown of the elements of the crime with which he was charged.
¶ 13. Brown's next arguments as to his attorney's ineffectiveness are that (a) his attorney never sought to interview defense witnesses in preparation for the actual trial, and (b) his attorney did not provide him with all relevant information regarding the minimum penalty for manslaughter.
¶ 14. As to the first argument, Brown points us to nothing indicating that trial counsel's decision not to interview defense witnesses was not a valid legal strategy. Brown argues that the witnesses would have testified that the victim was "well known in the community as a child molester," thus providing mitigating circumstances creating reasonable doubt for a jury. This bare allegation does not persuade this Court that counsel's performance was deficient in this case, nor does it prove that Brown was prejudiced as a result of such decision by his trial counsel.
¶ 15. As to the second argument, Brown acknowledged that the judge advised him she could impose a minimum sentence of two years at his plea colloquy. Brown's arguments as to the ineffectiveness of his trial counsel are thus without merit.
IV. Whether the trial court erred in failing to grant an evidentiary hearing before denying Brown's PCR motion.
¶ 16. Mississippi Code Annotated Section 99-39-11(2) (Rev.2000) states: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." This assignment of error is without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HUMPHREYS COUNTY OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HUMPHREYS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR.