MYERS, P.J.,
 

 for the Court:
 

 ¶ 1. Oscar Sayles appeals the Tunica County Circuit Court’s order denying his motion for post-conviction relief (PCR). Finding no error, we affirm the circuit court’s judgment.
 

 FACTS
 

 ¶ 2. Sayles was indicted by a Tunica County grand jury, as a habitual offender, pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007), for sale of cocaine, a schedule II controlled substance as listed in Mississippi Code Annotated section 41-29-115(A)(a)(4) (Rev.2009). Sayles thereafter entered into a plea bargaining agreement with the district attorney’s office. According to the agreement, in exchange for a plea of guilty, the State agreed to recommend to the circuit court that Sayles receive a twenty-five-year sentence in the custody of the Mississippi Department of Corrections and pay a $5,000 fine; the State also agreed not to prosecute Sayles as a habitual offender and to nolle prosse another pending criminal charge. Sayles subsequently pleaded guilty in the circuit court and received a twenty-five-year sentence and fined $5,000. Sayles later filed a PCR motion in the circuit court requesting the court to vacate the judgment and set aside sentence from his guilty plea. Sayles claimed that: (1) his plea of guilty was involuntary as it was induced by threats from his court-appointed counsel; (2) his legal counsel was constitutionally deficient; and (3) he was denied his right to a speedy trial. Finding no merit to these claims, the circuit court denied Sayles’s PCR motion.
 

 ¶ 3. Feeling aggrieved, Sayles appeals.
 

 DISCUSSION
 

 ¶ 4. When reviewing the trial court’s decision to deny a PCR motion, we will not disturb the lower court’s factual
 
 *569
 
 findings unless they are found to be clearly erroneous.
 
 Moore v. State,
 
 986 So.2d 928, 982 (¶ 13) (Miss.2008). The applicable standard of review pertaining to questions of law is de novo.
 
 Id.
 

 I. Involuntary Guilty Plea
 

 ¶ 5. Sayles contends that his guilty plea was involuntary because his legal counsel threatened him with an excessive habitual-offender sentence if he did not plead guilty. Sayles further contends that the “small amount of cocaine” involved would have been an important factor in the consideration of a “legal and fair sentence.” Thus, Sayles argues that the failure of counsel to inform him of the statutory sentencing structure invalidates his guilty plea.
 

 ¶ 6. In its order denying Sayles’s PCR motion, the circuit court found that Sayles was queried thoroughly at the plea hearing to the court’s satisfaction and that Sayles’s decision to plead guilty was voluntary. The circuit court determined that Sayles’s attorney had informed Sayles of the potential sentence he faced if he proceeded to trial; as such, the circuit court found that Sayles had been fully informed about his decision to plead guilty and he understood the consequences thereof.
 

 ¶ 7. Sayles has the burden of proving by a preponderance of the evidence that his guilty plea was involuntary.
 
 Dearman v. State,
 
 910 So.2d 708, 711 (¶ 8) (Miss.Ct.App.2005). Facts alleged to exist by Sayles must be proven and placed before this Court in a certified record as required by law; “otherwise, we cannot know their existence.”
 
 Id.
 
 Sayles did not provide us with a transcript of the plea hearing. As a general rule, when an appellant fails to include a transcript of his or her plea hearing in the appellate record, this Court presumes that the trial court acted properly.
 
 Bates v. State,
 
 914 So.2d 297, 299 (¶ 7) (Miss.Ct.App.2005).
 

 ¶ 8. All we are able to ascertain from the record is that according to his indictment, Sayles was charged as a habitual offender under section 99-19-81. If proven by sufficient evidence, Sayles indeed would have been facing a fixed sentence of thirty years, the maximum sentence under Mississippi Code Annotated section 41-29-139(b)(1) (Rev.2009).
 
 See Dixon v. State,
 
 812 So.2d 225, 228-29 (¶ 12) (Miss.Ct.App.2001) (noting that sentencing standards under the habitual-offender statute require mandatory sentencing of the maximum amount provided in the statute). Further, as the State correctly points out, section 41-29-139(b)(l) applies to the sale of cocaine in “any amount.”
 
 See Morgan v. State,
 
 966 So.2d 204, 206 (¶ 7) (Miss.Ct.App.2007) (explaining that under section 41-29-139(b)(l), “the sale of cocaine in any amount can result in a sentence of imprisonment of up to thirty years”).
 

 ¶ 9. As was set out in the plea petition, which Sayles acknowledged under oath he read and understood, there is no minimum sentence for the crime of selling cocaine; the maximum sentence for said crime is thirty years of imprisonment. Generally, the trial court has the discretion to impose whatever sentence it deems appropriate within the limits prescribed in the applicable statute.
 
 Burrough v. State,
 
 9 So.3d 368, 372 (¶ 10) (Miss.2009). Thus, even without the habitual-offender charge, and despite the “small amount” of cocaine Sayles contends was involved, potentially, Sayles was facing a greater penalty than what he ultimately received.
 

 ¶ 10. That said, without the transcript of the plea hearing, there is no way for us to know whether the circuit court, prior to accepting Sayles’s guilty plea, expressly informed Sayles as to the minimum and maximum penalties prescribed by section
 
 *570
 
 41-29-139(b)(1). Nevertheless, we must presume that the trial court did so.
 
 Bates,
 
 914 So.2d at 299 (¶ 7). Accordingly, Sayles fails to demonstrate that his decision to plead guilty was involuntary. Therefore, this issue is without merit.
 

 II. Ineffective Assistance of Counsel
 

 ¶ 11. To prove ineffective assistance of counsel, Sayles must demonstrate that his counsel’s performance was deficient and that this deficiency prejudiced Sayles’s defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Sayles, “and we will measure the alleged deficiency within the totality of circumstances.”
 
 Dearman,
 
 910 So.2d at 711 (¶ 11) (citations omitted). A strong presumption exists, however, that counsel’s conduct was adequate.
 
 Burns v. State,
 
 813 So.2d 668, 673 (¶ 14) (Miss.2001);
 
 see also Bell v. Cone,
 
 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (“a court must indulge a ‘strong presumption’ that counsel’s conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight”).
 

 ¶ 12. Sayles contends that his court-appointed counsel was ineffective for failing to conduct a pretrial investigation and for not informing him that the weight of cocaine affected the sentence. As we already have explained, section 41-29-139(b)(1), which Sayles was sentenced under, does not take into consideration the weight of cocaine. Thus, Sayles’s legal counsel rightly did not mislead Sayles into thinking otherwise. With respect to Sayles’s contention that counsel failed to investigate the matter, Sayles must assert some critical evidence that would have been discovered had it not been for his counsel’s alleged omission.
 
 Ivy v. State,
 
 589 So.2d 1263, 1265 (Miss.1991). Sayles did not do so, and we find no merit in this point of contention.
 

 III. Speedy Trial
 

 ¶ 13. Sayles avers that he was denied his right to a speedy trial. Our supreme court, however, has held that a guilty plea waives the right to a speedy trial; thus, this claim is not a basis for relief on a PCR motion.
 
 Anderson v. State,
 
 577 So.2d 390, 391-92 (Miss.1991). According to the plea petition contained in the record, Sayles acknowledged that he understood that with his guilty plea he was giving up his right to a speedy and public trial. We find this issue is also without merit.
 

 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.