BARNES, J.,
for the Court:
¶ 1. Travis White pleaded guilty to a charge of murder and was convicted on April 23, 1992. He was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. Nineteen years later, on August 5, 2011, White filed a motion for post-conviction relief (PCR), alleging a defective indictment. He also filed a motion for permission to proceed out of time on August 12, 2011. The Hancock County Circuit Court held that White’s PCR motion was time-barred since it was filed outside the three-year statute of limitations as provided for in Mississippi Code Annotated section 99-39-5(2) (Rev.2007). On appeal, White reasserts that his indictment was defective and that he received ineffective assistance of counsel and an illegal sentence as a result. Finding no error, we affirm.
DISCUSSION
¶ 2. As White’s motion was filed nineteen years after his conviction, the circuit court held that the motion was time-barred and that the circuit court did not have jurisdiction to consider the motion. See Miss.Code Ann. § 99-39-5(2) (in the case of a guilty plea, a PCR motion must be filed “within three (3) years after entry of the judgment of conviction.”). This procedural bar includes claims alleging a defective indictment. See Edwards v. State, 90 So.3d 637, 642 (¶ 12) (Miss.Ct. App.2012) (“Claims alleging defective indictment are also barred when a motion for post-conviction relief is not filed within the three-year time limitation.” (quoting Barnes v. State, 949 So.2d 879, 881 (¶ 8) (Miss.Ct.App.2007))). We find no error in the circuit court’s dismissal of White’s PCR motion based on lack of jurisdiction.
¶ 3. Regardless of the procedural bar, we find no merit to White’s claim. In his PCR motion, White argued that his indictment was “fatally defective,” as it did not conform to the requirements of Mississippi Code Annotated section 99-17-20 (Rev.2007), which states:
No person shall be tried for capital murder, or any other crime punishable by death as provided by law, unless such offense was specifically cited in the indictment returned against the accused by setting forth the section and subsection number of the Code defining the offense alleged to have been committed by the accused.
(Emphasis added).[1] “It is the intent of Section 99-17-20 that the relevant code section be cited to place the defendant on notice as to what makes the offense a capital one.” Davis v. State, 914 So.2d 200, 205 (¶ 19) (Miss.Ct.App.2005) (citing Gray v. State, 728 So.2d 36 (¶ 173) (Miss. 1998)). White is correct that the section and subsection for capital murder were not contained in the indictment as required by section 99-17-20. The indictment only states that White “did then and there wil-fully, unlawfully, feloniously and without any design to effect death, kill and murder Leon Howard Wallace, a human being[,] *637 while in the commission of the crime and felony of Robbery, as defined by Section 97-3-73, Miss.Code of 1972[.]” Misreading the indictment’s language, White erroneously argues that he was charged with robbery, not capital murder.
¶ 4. While the indictment would not have been adequate to try White for capital murder, he was not tried for capital murder. Furthermore, the indictment’s language was sufficient to charge White with simple murder, the criminal offense to which he pled guilty. “The ‘purpose of an indictment is to provide the accused reasonable notice of the charges against him so that he may prepare an adequate defense.’ ” Johnson v. State, 94 So.3d 1209, 1215 (¶ 26) (Miss.Ct.App.2011) (quoting Brawner v. State, 947 So.2d 254, 265 (¶ 31) (Miss.2006)). One definition of murder is “[t]he killing of a human being without the authority of law by any means or in any manner ... [w]hen done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life.... ” Miss.Code Ann. § 97-3 — 19(l)(b) (Rev.2006). This Court would certainly view the act of robbery as “eminently dangerous to others” especially as it is a crime for which capital murder may be charged. Moreover, in a recent case, Dockery v. State, 96 So.3d 759 (Miss.Ct. App.2012), this Court considered a similar argument made by a defendant that his indictment was fatally defective as it charged him with capital murder, not simple murder, the crime for which he was convicted. We concluded that the indictment was sufficient since murder, a lesser-included offense of capital murder, was “inherently included within the crime of capital murder as reflected in [the defendant’s] indictment.” Id. at 762-63 (¶¶ 11, 14). While the indictment in this case did not specifically cite the “relevant code section” for capital murder with the underlying offense of robbery, it did correctly set forth the elements of capital murder. Therefore, while we acknowledge that the indictment was not sufficient to try White for capital murder, we find it sufficiently charged White with capital murder and its lesser-included offense of murder.
¶ 5. Any failure to list the section or subsection as required by section 99-17-20 did not render White’s indictment “fatally defective” as to simple murder. Accordingly, we find that the indictment’s language was sufficient to give White reasonable notice of the charge of murder. As a result, White’s remaining claims, which are based on his claim of a defective indictment, are rendered moot.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. White claims that he pleaded guilty to murder because his attorney told him that he was indicted for capital murder and that he would receive the death penalty if convicted.