CARLTON, J.,
for the Court:
¶ 1. This appeal stems from the Adams County Circuit Court’s summary dismissal of Anthony Williams’s motion for post-conviction relief (PCR). Finding no error, we affirm.
FACTS
¶ 2. On November 17, 2006, an Adams County grand jury indicted Williams in a four-count indictment for the following: one count of aggravated assault on a law enforcement officer; one .count of felony fleeing from law enforcement; one count of possession of a weapon by a convicted felon; and one count of receiving stolen property. Williams entered into a plea agreement with the State wherein Williams pled guilty to one count of the indictment for the offense of aggravated assault on a law enforcement officer, and the three remaining felony charges were dismissed, as well as a charge of sale of cocaine, which had been charged in a separate indictment. Williams pled guilty on July 13, 2007, and the trial court sentenced Williams to serve thirty years in the custody of the Mississippi Department of Corrections (MDOC).
¶ 3. On June 23, 2009, Williams filed a petition for a writ of habeas corpus, which the trial court treated a PCR motion, asserting that the wording of his indictment “was surplus” to the statute under which he was indicted. The bottom of Williams’s indictment sets forth the relevant statutes for the charges therein. A review of the indictment also shows this listing follows the signature of the grand-jury foreman. The indictment sets forth the elements of aggravated assault on a law enforcement officer in the text of count I. However, the indictment identifies the supporting statute for count I as Mississippi Code Annotated section 93-3-7 (Rev.2013), rather than Mississippi Code Annotated section 97-3-7 (Rev.2006). Williams claimed that he read the indictment as legally charging him with a noncriminal offense, domestic contract violation, since the indictment identified section 93-3-7 as the supporting statute for the charge, and as a result, the trial judge incorrectly sentenced him to prison time.
¶ 4. On June 30, 2009, the trial court entered an order dismissing Williams’s PCR motion. The trial court stated that “it is true that the statute number at the end of the indictment in this cause is [section 93-3-7,] which should have been [section 97-3-7].” However, the trial court explained that the Mississippi Supreme Court has held that “when dealing with indictments, ... we employ a rule of substance over form.” The trial court cited Wright v. State, 958 So.2d 158 (Miss.2007), wherein the supreme court stated that “although a typographical error existed concerning the subsection number, the substance of the indictment read that Wright was charged with forcible rape.” As a result, the trial court determined that the body of the indictment herein correctly charged Williams with aggravated assault on a police officer. The trial court further acknowledged that Williams’s sentencing order correctly and lawfully sentenced Williams to the correct term of imprisonment under section 97-3-7.
¶ 5. On March 27, 2013, the Mississippi Supreme Court entered an order granting Williams’s request to file an out-of-time appeal from the trial court’s June 30, 2009 *351 order dismissing Williams’s PCR motion.[1] Williams filed this appeal the next day. Recognizing that the supreme court’s order granting Williams’s motion for an out-of-time appeal provides us with jurisdiction to hear this appeal, this Court now turns to address the merits of Williams’s PCR motion. See Miss. Code Ann. § 99-39-5(2) (Supp.2013) (“A motion for relief under this article shall be made ... in case of guilty plea, within three (3) years after entry of the judgment of conviction.”).
STANDARD OF REVIEW
¶ 6. When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
DISCUSSION
¶ 7. Williams argues that the wording in the text of count I of the indictment, the count to which he pled guilty, “was surplus” to the corresponding statute under which he was charged. Williams asserts that any conflict existing in the indictment must be weighed in his favor.
¶ 8. A review of the record shows that the indictment reflects that count I charges Williams with aggravated assault on a law enforcement officer, stating that Williams
did wilfully, unlawfully, and feloniously attempt to cause serious bodily injury under circumstances manifesting extreme indifference to the value of human life to Robert' Brown, a police officer acting within the scope of his duty and office, by aiming a certain deadly weapon, namely a pistol, and with that pistol did point it in the face of Robert Brown, then pull the trigger and attempt to shoot Robert Brown with the felonious intent of him, [Williams], to cause serious bodily injury to Robert Brown.
(Emphasis added). As acknowledged by Williams in his argument, the bottom of the second page of the indictment sets forth the Mississippi Code Annotated section for count I as 93-3-7. However, the statute applicable to count I is actually Mississippi Code Annotated section 97-3-7, which establishes the felony of aggravated assault on a law enforcement officer. We recognize that the statutory section mistakenly included, 93-3-7, addresses contracts between spouses. The applicable statutory section, 97-3-7(2),[2] that embraces the elements charged in the text of count I constitutes the statutory section codifying the offense of aggravated assault on a law enforcement officer. A review of the indictment reflects that the similar statutory section numbers were transposed, and a review of the indictment as a whole shows that the offense with which Williams was charged was clearly stated therein. See Brown v. State, 944 So.2d 103,106 (¶ 8) (Miss.Ct.App.2006).
¶ 9. This Court has held that “[t]he primary purpose of an indictment is to notify an accused of the charges against *352 him in order to allow him to prepare an adequate defense.” Id. This purpose maybe accomplished by providing the accused with “a concise and clear statement of the elements of the crime with which the accused is actually charged.” Id. (citations and quotation marks omitted); see also Williams v. State, 445 So.2d 798, 804 (Miss.1984). Additionally, “the incorrect citation of a statute number does not alone render an indictment defective, but rather is ‘mere surplusage’ and not prejudicial to a defendant.” Brown, 944 So.2d at 106 (¶8) (citation omitted); see also White v. State, 169 Miss. 332, 332, 153 So. 387, 388 (1934).
¶ 10. During the plea hearing in the present case, the transcript reflects that the' trial judge asked: “Are you pleading guilty to this charge ... because you are, in fact, guilty of this charge? ... [Specifically, you’re charged with pointing a pistol at a law enforcement officer and attempting to shoot that officer?” Williams answered, “Yes, sir.” Williams testified that he indeed possessed a gun and that he pointed the gun at the law enforcement officer. When asked whether he tried to fire the gun, Williams responded, “I tried to see would [sic] it fire, but it wouldn’t fire.” The trial judge asked Williams again, on the record, “So you are guilty of this charge?” Williams answered, “Pretty much.” The plea-hearing transcript reveals that the trial judge asked Williams a third time if he was guilty of the charge. Williams responded again, ‘Yes, sir.” During the plea hearing, Williams described the incident to the court, and offered an apology to the law enforcement officer involved.
¶ 11. The record reflects that count I of the indictment herein indeed complied with the demands of precedent and provided Williams with a clear and concise statement of the elements of the crime with which he was charged, aggravated assault on a law enforcement officer. See Brown, 944 So.2d at 106 (¶ 8). After our review, we find no evidence in the record to support Williams’s claim that he believed he was pleading guilty to a noncriminal offense under section 93-3-7, instead of to aggravated assault on a law enforcement officer. Williams’s plea petition shows that he acknowledged under oath his request to enter a plea of guilty to the charge of aggravated assault upon a law enforcement officer, and that he did so freely, knowingly, and voluntarily.
¶ 12. Williams also alleges that due to the indictment’s citation to the incorrect statute, section 93-3-7, the trial court misinformed him of the maximum and minimum sentences he could- receive as the result of his guilty plea. Williams claims that the trial court should have applied the minimum and maximum sentences applicable to section 93-3-7, which addresses contracts between spouses and contains no provision for confinement. However, upon review, the record reflects that the trial court correctly informed Williams of the authorized statutory sentence for the offense of aggravated assault upon a law enforcement officer, explaining that “the most you could receive would be up to thirty years in the [custody of the MDOC], and the least you could receive would be a one-year sentence. It can also carry a fine of up to $5,000.” Williams affirmed on the record that he understood the maximum and minimum sentences he could receive. See Williams v. State, 126 So.3d 992, 998 (¶20) (Miss.Ct.App.2013) (discussing statutory maximum sentence for crime of aggravated assault upon a law enforcement officer).
¶ 13. Williams raises no argument regarding a disproportionate sentence; rather, Williams relies on the scrivener’s error in the indictment for his relief. He argues *353 that he pled guilty to section 93-3-7— which carries no jail time — and not section 97-3-7 for aggravated assault on a law enforcement officer. Williams’s argument fails to acknowledge that the text of the indictment clearly[3] charged him with felony aggravated assault on a law enforcement officer.
¶ 14. As stated previously, we find that in applying precedent to the facts of this case, the language of the indictment provided Williams proper notice of the elements of the crime charged against him. See Brown, 944 So.2d at 106 (¶8). We also find that the plea-hearing transcript in the record shows Williams acknowledged under oath his full understanding that he was pleading guilty to the crime of aggravated assault on a law enforcement officer.[4] Accordingly, this assignment of error is without merit. See Evans v. State, 916 So.2d 550, 551-52 (¶¶5-6) (Miss.Ct.App.2005) (This Court affirmed a defendant’s sentence and conviction where the defendant claimed on appeal that the indictment was flawed and failed to provide him sufficient notice of the charges against him. This Court held that the indictment provided the essential elements of the crime, and that the incorrect citation of a statute number was not prejudicial to the defendant’s ability to prepare an adequate defense).
¶ 15. After our review, we find no error in the trial court’s dismissal of Williams’s PCR motion.[5]
¶ 16. THE JÜDGMENT OF THE ADAMS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Mississippi Code Annotated section 99-39-5(2) (Supp.2013) provides prisoners three years in which to file an appeal for PCR. The trial court dismissed Williams’s PCR motion on June 30, 2009, and Williams filed this appeal on March 28, 2013, nearly four years later.

. Section 97-3-7(2), as it existed at the time of the offense, provided:
[A] person convicted of aggravated assault ... upon a ... law enforcement officer ... shall be punished by a fine of not more than Five Thousand Dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both.

. See Brown, 944 So.2d at 106 (¶ 8).

. See also Smith v. State, 35 So.3d 549, 551 (¶ 8) (Miss.Ct.App.2009) (nonjurisdictional defects in indictment waived by guilty plea).

.See White v. State, 113 So.3d 635, 637 (¶¶ 4-5) (Miss.Ct.App.2013).