KING, C.J.,
 

 for the Court:
 

 ¶ 1. James Medlin was convicted of aggravated assault and sentenced to twenty years, with five years suspended, in the custody of the Mississippi Department of Corrections (MDOC). Medlin filed a motion for post-conviction relief, which the trial court denied. Aggrieved, Medlin appeals, raising one issue: whether his sentence was illegal. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On October 20, 2004, Medlin was indicted by a Marshall County grand jury for the aggravated assault of Bobby Neal Mannis. The indictment listed the charging statute as Mississippi Code Annotated section 97-3-7(3) (Supp.2004), which proscribes simple domestic violence. However, the body of the indictment charged, in pertinent part, that Medlin “unlawfully, willfully and feloniously, purposely and knowingly cause[d] bodily injury to Bobby Neal Mannis, with a vehicle, a deadly weapon[,] by running over him one or [more] times, in violation of the provisions of section 97-3-7 ... which offense is punishable by imprisonment not exceeding twenty years.... ”
 

 ¶ 3. On November 7, 2005, Medlin was convicted in the Circuit Court of Marshall County of aggravated assault. He was sentenced to serve twenty years, with five years suspended, in the custody of the MDOC.
 

 ¶ 4. Medlin filed a “motion to clarify sentence” in the trial court on June 13, 2008. The trial court treated Medlin’s mo
 
 *566
 
 tion as a motion for post-conviction relief. In that motion, Medlin alleged that his sentence was illegal because it exceeded the maximum penalty provided by law. Specifically, Medlin argued that he should have been sentenced pursuant to section 97-3-7(3), which provides a maximum sentence of ten years. The trial court found that Medlin’s motion was without merit and denied the requested relief. Aggrieved, Medlin timely filed his notice of appeal.
 

 ANALYSIS
 

 ¶ 5. This Court will not disturb the trial court’s denial of a motion for post-conviction relief absent a finding that the trial court’s decision was clearly erroneous.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶6) (Miss.1999). However, questions of law are reviewed de novo.
 
 Id.
 

 ¶6. Medlin argues that his sentence exceeds the maximum sentence provided by Mississippi Code Annotated section 97-3-7(3) (Supp.2009). Conversely, the State argues that the listing of subsection three was merely a scrivener’s error, and Medlin was properly sentenced for aggravated assault.
 

 ¶ 7. An indictment serves as notice to the defendant of the charges against him.
 
 Golden v. State,
 
 968 So.2d 378, 386 (¶ 28) (Miss.2007). When reviewing an indictment, we consider the substance of the indictment over the form of the indictment.
 
 Id.
 
 There is no requirement that an indictment must include the statute number of the crimes charged.
 
 Johnson v. State,
 
 879 So.2d 1057, 1060 (¶ 10) (Miss.Ct.App.2004). Thus, the statute number referenced in the indictment is of no consequence because we look to the substance of the indictment to determine whether it sufficiently gave notice of the pending charges.
 
 See Golden,
 
 968 So.2d at 386 (¶ 29).
 

 ¶ 8. In Medlin’s indictment, the charging statute number was listed as section 97-3-7(3). Section 97-3-7(3) proscribes simple domestic violence, and the statute provides a five-year sentence to a ten-year sentence upon a defendant’s third or subsequent conviction of simple domestic violence. However, the substance of Medlin’s indictment neither charged him with simple assault nor alleged domestic violence.
 

 ¶ 9. Instead, the substance of Medlin’s indictment charged him with the aggravated assault of Mannis with a deadly weapon — a car. Mississippi Code Annotated section 97-3-7(2) (Supp.2009) provides, in pertinent part, that:
 

 [A] person is guilty of aggravated assault if he ... (b) attempts to cause or purposefully or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the Penitentiary for not more than twenty (20) years.
 

 The substance of Medlin’s indictment tracks the language of section 97-3-7(2). Thus, it is clear that Medlin was charged with aggravated assault and not simple domestic violence.
 

 ¶ 10. The listing of section 97-3-7(3) as the charging statute was merely a scrivener’s error. The law is clear that “the incorrect citation of a statute number does not alone render an indictment defective, but rather is ‘mere surplusage’ and not prejudicial to the defendant.”
 
 Brown v. State,
 
 944 So.2d 103, 106 (¶ 8) (Miss.Ct. App.2006) (quoting
 
 Evans v. State,
 
 916 So.2d 550, 552 (¶6) (Miss.Ct.App.2005)). The substance of Medliris indictment clearly charged him with aggravated assault under section 97-3-7(2), which provides a maximum penalty of twenty years
 
 *567
 
 in the custody of the MDOC. Because the trial court properly sentenced Medlin within the statutory guidelines, we find that Medlin’s sentence is not illegal.
 
 See Moss v. State,
 
 752 So.2d 427, 430 (¶ 10) (Miss.Ct.App.1999) (finding that there is no error in sentencing where the trial court sentences the defendant within the limits set forth by the statute). This issue is without merit.
 

 ¶11. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.