752 So.2d 427 (1999)
Ralph MOSS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-CP-01739-COA.
Court of Appeals of Mississippi.
November 23, 1999.
*428 Pro Se, Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
BEFORE KING, P.J., DIAZ, AND IRVING, JJ.
KING, P.J., for the Court:
¶ 1. Ralph Moss (Moss) perfected this appeal from an order denying post-conviction relief entered by the Circuit Court of Quitman County, Mississippi. Moss was sentenced to serve twenty years for kidnaping and thirty years for aggravated assault upon a law enforcement officer. These sentences were to be served consecutively in the custody of the Mississippi Department of Corrections. The following allegations of error are taken verbatim from appellant's brief:
1) whether the trial court erred when sentencing appellant to a term of (30) thirty years pursuant to § 97-3-7(2)(a) when appellant was indicted under § 97-3-7(2)(b) Miss.Code Ann. and 2) whether the imposition of sentencing deprive [sic] appellant due process in sentencing.

FACTS
¶ 2. On August 31, 1983, the Grand Jury of Quitman County jointly indicted Moss and Tad Ingram for aggravated assault on a law enforcement officer. In a previous indictment the Quitman County Grand Jury had charged both men with kidnaping. Both indictments arose from the same incident.
¶ 3. On September 13, 1983, in open court Moss withdrew his not guilty plea and entered a plea of guilty to both the kidnaping and aggravated assault charges. The trial court judge then questioned Moss extensively to determine whether his plea to both charges was knowingly, understandingly, freely and voluntarily made. Moss testified that he was not under the influence of any intoxicants and had not received any promises or threats which induced him to plead guilty. The charges were read, and Moss testified that he understood the nature of both charges and had in fact committed both crimes.
*429 ¶ 4. The district attorney recommended that Moss be sentenced to consecutive terms of twenty years for the kidnaping and thirty years for the aggravated assault. Moss was then questioned to determine if he understood that these were the maximum sentences allowable and that the total sentence was fifty years. Moss again stated that he understood and still wished to plea guilty. The trial judge informed Moss that a guilty plea would waive his right to a jury trial, other constitutional protections and an appeal to the supreme court. Moss again stated his understanding that these were the maximum sentences and that the total sentence was fifty years. Having acknowledged this, Moss indicated a desire to plead guilty. Moss waived the pre-sentence investigation. The court accepted his plea and sentenced him to twenty years on the kidnaping charge and thirty years on the aggravated assault charge to be served consecutively. Moss was immediately remanded to the custody of the Quitman County Sheriffs Department.
¶ 5. In September 1998, Moss filed a "Motion to Correct Sentence and/or Sentences to be Imposed Concurrent" with the Quitman County Circuit Court. The motion was denied in November 1998, and Moss subsequently perfected this appeal.

ANALYSIS AND DISCUSSION OF THE LAW

I.

Whether the Trial Court Erred When Sentencing Appellant to a Term of (30) Thirty years Pursuant to § 97-3-7(2)(a) When Appellant was Indicted Under § 97-3-7(2)(b) Miss.Code Ann.
¶ 6. Moss suggests to the Court that he was charged and pled under one code section and sentenced under another. A simple reading of the statute indicates that Moss is confused. As the State points out in its brief, Miss.Code Ann. § 97-3-7 was amended in 1993 to provide for an enlarged classification of victims for purposes of enhanced punishment. The amendment, upon which Moss bases his argument, was enacted ten years after his conviction. Careful reading of § 97-3-7(2)(b) reveals that Moss was indicted and sentenced under the same code section, § 97-3-7(2). One portion of § 97-3-7(2) defines the offense and provides the general punishment. The other provides for enhanced penalties when the victim falls within the enumerated group. Statutes are to be interpreted in their entirety. Specifically, § 97-3-7(2) provides:
A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposefully or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years. Provided, however, a person convicted of aggravated assault (a) upon a statewide elected official, law enforcement officer ... acting within the scope of his duty, office or employment, or (b) upon a legislator while the Legislature is in regular or extraordinary session shall be punished by a fine of not more than Five Thousand Dollars ($5,000,00) or by imprisonment for not more than thirty (30) years, or both. Miss.Code Ann. § 97-3-7(2) (Rev.1994)(emphasis added).
¶ 7. Moss contends that the indictment did not include the proper language to charge him with aggravated assault on a law enforcement officer. Moss contends that if he were to be charged with aggravated assault upon a law enforcement officer, the indictment should have used only language providing for enhanced punishment. In Harbin v. State, 478 So.2d 796, 799 (Miss.1985), the court stated "[i]f from *430 a reading of the indictment as a whole the accused is in fact given fair notice of that with which he has been charged, the indictment is legally sufficient."
¶ 8. The indictment properly outlined and notified Moss that he was being indicted for aggravated assault upon a law enforcement officer. The indictment followed the language of the statute in stating Moss "purposely and knowingly caused bodily injury to Danny Henson, a law enforcement officer, a Town of Lambert, Mississippi, policeman, with a deadly weapon, a pistol, while such law enforcement officer was acting within the scope of his duty and office." The language of the indictment was sufficient to notify Moss that he was being charged with the enhanced crime of aggravated assault upon a law enforcement officer.
¶ 9. This assignment of error is without merit.

II.

WHETHER THE IMPOSITION OF SENTENCING DEPRIVE [sic] APPELLANT DUE PROCESS IN SENTENCING.
¶ 10. If a sentence is within the limits fixed by statute, then it is not an abuse of discretion or error. Johnson v. State 461 So.2d 1288, 1292 (Miss.1984). Under the language of Miss.Code Ann. § 97-3-7(2)(b) (Supp.1999), the trial judge had the discretion to impose a maximum sentence of thirty years in prison and/or a fine of five thousand dollars ($5,000). The trial judge exercised that discretion within the letter of the law. Moss was therefore not denied due process of law.
¶ 11. This assignment of error is without merit.

III.

Statute of Limitations for Post-Conviction Relief
¶ 12. The lower court in its order denying relief and the State in its responsive brief both noted that the time period had run for Moss to file a "Motion to Correct Sentence" under Miss.Code Ann. § 99-39-5(2)(Rev.1994)(The Post Conviction Collateral Relief Act). Moss was sentenced in 1983 prior to the enactment of the Post Conviction Relief Collateral Act on April 17, 1984. The Post Conviction Relief Collateral Act provided a three-year window within which to seek relief for convictions prior to its enactment. Id. Moss did not file his petition until September 1998, eleven years after expiration of the statute of limitation. The statute provides two exceptions to this time bar. They are new evidence not reasonably discoverable at trial and intervening decisions by the United States Supreme Court or by the Mississippi Supreme Court.
¶ 13. "Errors which affect fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their considerations". Luckett v. State, 582 So.2d 428, 430 (Miss.1991). See Kennedy v. State, 732 So.2d 184 (Miss. 1999); Ivy v. State, 731 So.2d 601 (Miss. 1999). In Kennedy, the Court held that "the right to be free from an illegal sentence has been found to be fundamental." Id. at 186. See also Sneed v. State, 722 So.2d 1255 (Miss.1998); Kennedy v. State, 626 So.2d 103 (Miss.1993).
¶ 14. If Moss's sentence for aggravated assault were illegal, then he would not have been time barred from seeking post-conviction relief notwithstanding the expiration of the statute of limitations. Because the sentence is not illegal, Moss's action is time barred.

CONCLUSION
¶ 15. The sentence for aggravated assault on a police officer was within the substantive and penalty provisions of Miss. Code. Ann. § 97-3-7(2)(b) (Supp.1999) and did not deprive Moss of due process in sentencing. The order denying post-conviction relief is affirmed.
*431 ¶ 16. THE ORDER OF THE CIRCUIT COURT OF QUITMAN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. QUITMAN COUNTY IS TAXED WITH ALL COST OF THIS APPEAL.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.