MAXWELL, J.,
for the Court:
¶ 1. There are three essential elements that must be alleged in an indictment charging a defendant with burglary of a nondwelling — (1) the defendant unlawfully broke and entered into a building, (2) where anything of value is kept for use, (3) with the intent to commit some specific crime once inside.[1] But here, Gene Gales *1239 was convicted of nondwelling burglary-based on an indictment that charged only one of the three mandated elements — that he broke and entered an unoccupied dwelling.
¶2. Because the Mississippi Supreme Court has emphasized that “[a]n indictment which fails to allege all essential elements of a crime runs afoul of our constitutions and is void[,]”[2] we must reverse Gales’s conviction and sentence. We also dismiss the indictment.
Discussion
¶ 3. Gales was charged with burglary of a nondwelling after a witness saw him in the yard of a vacant house at 1203 Edwards Street in Hattiesburg, Mississippi, possessing mattresses that had been removed from the house. Gales claimed the mattresses were his, but when the witness called the police, Gales fled. An officer found him hiding in a nearby backyard of an abandoned residence. By this time, Gales had removed the shirt the eyewitness described him wearing and had discarded a backpack containing a flashlight. After his arrest, Gales claimed to police that he was told he could haul off the mattresses, but he decided not to do so after noticing their poor condition.
¶4. The State initially charged Gales with burglary of a dwelling, as a habitual offender under section 99-19-83.[3] But because the house was boarded up and had been vacant for some time, the State recognized the charge did not fit the indicted crime. So it later moved to amend the indictment to burglary of a nondwelling, and also sought to swap habitual-offender provisions to charge Gales under the lesser enhancement found in section 99-19-81.[4] Gales did not object to the amendments, which the court granted.
¶ 5. Gales proceeded to trial, where a jury convicted him of nondwelling burglary. He was sentenced as a habitual offender to seven years’ imprisonment under Mississippi Code Annotated section 99-19-81. He now appeals.
¶ 6. On appeal, Gales filed a separate pro se brief, arguing the indictment was defective for failing to charge the essential elements of burglary of a nondwelling under 99-17-33, an argument he had also furthered in a pro se pretrial motion. After review, we agree the indictment was defective and that reversal is the proper recourse.

Nondwelling Burglary

¶ 7. The State was successful in having Gales’s indictment amended from burglary of a dwelling to nondwelling burglary. But the indictment’s charging language remained the same.
¶ 8. The pertinent part of the indictment alleged: “Gales ... did unlawfully, willingly, feloniously, and burglariously, break and enter an unoccupied dwelling house ..., contrary to the form in such cases made and provided, and against the peace and dignity of the State of Mississippi.” Comparing the charging language of the indictment against the alleged crime’s statutory elements, we note the State left out two essential elements.
*1240 ¶ 9. To properly charge nondwell-ing burglary, the State must allege — (1) breaking and entering a building; (2) where something of value is kept for use, sale, deposit, or transportation; and (3) the intent to commit a specific crime therein. Miss.Code Ann. § 97-17-83. But here, only the first element is cited. There is no mention of any valuable kept in the house, nor does the indictment cite the particular crime Gales allegedly intended to commit.[5]
¶ 10. The state and federal bill of rights guard the constitutional right to notice of criminal charges. Thomas, 126 So.3d at 880 at (¶ 7); U.S. Const. amend. VI (“In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation....”); Miss. Const. art. 3, § 26 (“In all criminal prosecutions the accused shall have a right ... to demand the nature and cause of the accusation....”). And “[a]ll the authorities are to the effect that an indictment, to be sufficient upon which a conviction may stand, must set forth the constituent elements of a criminal offense.” Id. (quoting Burchfield v. State, 277 So.2d 623, 625 (Miss.1973)). The supreme court has repeatedly held that indictments based on statutory offenses are void if they do not charge all essential elements of the statutory crime. Spears v. State, 253 Miss. 108, 116, 175 So.2d 158, 161-62 (1965) (citing May v. State, 209 Miss. 579, 47 So.2d 887 (1950); Kelly v. State, 204 Miss. 79, 36 So.2d 925 (1948); Rogers v. State, 198 Miss. 495, 22 So.2d 550 (1945); Crosby v. State, 191 Miss. 173, 2 So.2d 813 (1941)). Here, the indictment fell well short of this minimal mark and is void.
¶ 11. We therefore find the “failure to charge [Gales] with a crime cognizable under Mississippi law is a plain, constitutional error and requires dismissal of the indictment and reversal of the convietion[.]” Thomas, 126 So.3d at 880 (¶ 8). So we reverse his conviction and dismiss the indictment.
¶ 12. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS REVERSED, AND THE INDICTMENT IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. Miss.Code Ann. § 97-17-33 (Rev.2006).

. Thomas v. State, 126 So.3d 877, at 880 (¶ 7) (Miss.2013); see also Burchfield v. State, 277 So.2d 623, 625 (Miss.1973); Spears v. State, 253 Miss. 108, 116, 175 So.2d 158, 161-62 (1965).

. Miss.Code Ann. § 99-19-83 (Rev.2007) (mandating life sentence, without eligibility for parole, where defendant has been previously convicted of two or more felonies, one of which is a crime of violence).

.Miss.Code Ann. § 99-19-81 (Rev.2007) (imposing mandatory sentence of maximum prescribed term without eligibility for parole where defendant has two or more prior felony convictions arising out of separate incidents).

. Indeed, the indictment on its face, even before amendment, did not lay out a proper charge of the initial offense — burglary of a dwelling — since only a breaking and entering was charged and there was no mention of the specific crime Gales allegedly intended to commit once inside. See Murphy v. State, 566 So.2d 1201, 1204 (Miss.1990) (crime of burglary has two essential elements: (1) "the unlawful breaking and entering’’ and (2) "the intent to commit some crime once entry has been gained”). So had the structure been an inhabited dwelling, the indictment was still defective on its face.