# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01327-COA

MAURICE TOWNSEND                                                                              APPELLANT

v.

STATE OF MISSISSIPPI                                                                           APPELLEE

DATE OF JUDGMENT:                        08/19/2014
TRIAL JUDGE:                             HON. ANDREW K. HOWORTH
COURT FROM WHICH APPEALED:               LAFAYETTE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:                 RALPH STEWART GUERNSEY
                                         CARNELIA PETTIS FONDREN
ATTORNEY FOR APPELLEE:                   OFFICE OF THE ATTORNEY GENERAL
                                         BY: JEFFREY A. KLINGFUSS
DISTRICT ATTORNEY:                       BENJAMIN F. CREEKMORE
NATURE OF THE CASE:                      CRIMINAL - FELONY
TRIAL COURT DISPOSITION:                 CONVICTED OF SIMPLE ASSAULT ON A
                                         LAW ENFORCEMENT OFFICER AND
                                         SENTENCED TO FIVE YEARS IN THE
                                         CUSTODY OF THE MISSISSIPPI
                                         DEPARTMENT OF CORRECTIONS, WITH
                                         ONE YEAR TO SERVE, FOUR YEARS
                                         SUSPENDED, AND FOUR YEARS OF
                                         POSTRELEASE SUPERVISION
DISPOSITION:                             AFFIRMED - 04/12/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

     **EN BANC.**

     **CARLTON, J., FOR THE COURT:**

¶1.    A Lafayette County jury found Maurice Townsend guilty of simple assault on a law

enforcement officer. *See* Miss. Code Ann. § 97-3-7(1) (Supp. 2011).[1] The circuit court then sentenced Townsend to five years in the custody of the Mississippi Department of Corrections (MDOC), with one year to serve, four years suspended, and four years of postrelease supervision. On appeal from his conviction and sentence, Townsend raises the following issues: (1) whether his indictment was fatally defective; (2) whether Mississippi should extend the holding of *Batson v. Kentucky*, 476 U.S. 79 (1986), to ensure the inclusion of minorities on juries; and (3) whether the circuit court erred by dismissing for cause certain potential jurors. Finding no error, we affirm.

## FACTS

¶2. On November 27, 2011, Townsend visited The Locker Room Bar in Oxford, Mississippi, with his wife and aunt. Around midnight, The Locker Room stopped serving alcohol, and the bouncers began collecting patrons' drinks. Danny Thomas, one of the bouncers, testified that he took away Townsend's drink and that Townsend became upset. As a result of Townsend's reaction, Thomas and another bouncer escorted Townsend from the building.

¶3. Officer David Sabin testified that, on the night in question, he was on duty working for the Oxford Police Department's DUI unit and alcohol task force. Officer Sabin responded to complaints that The Locker Room was selling alcohol after legal serving hours.

---

[1] Since Townsend's arrest, the assault statute has been amended. However, the substance of simple assault, aggravated assault, and the enhanced penalty remain the same. Unless otherwise stated, all statutory references in this opinion use the subsections from the statutory version in effect on November 27, 2011, the night of Townsend's arrest. *See* Miss. Code Ann. § 97-3-7 (Supp. 2011).

According to Officer Sabin's testimony, he arrived at The Locker Room in his marked patrol car, which clearly stated "City of Oxford Police." Furthermore, Officer Sabin testified that he was dressed in his police uniform.

¶4. Upon arriving at The Locker Room, Officer Sabin observed a large unruly crowd standing outside the door of the bar. Officer Sabin testified that he saw two bouncers trying to escort Townsend from the building. Officer Sabin testified that Townsend was fighting with the bouncers and was kicking, screaming, cursing, and trying to spit on the bouncers.

¶5. By the time the bouncers finally ejected Townsend, Officer Sabin had reached the entryway of The Locker Room. Officer Sabin testified that Townsend appeared intoxicated and continued to yell, scream, and curse. As he instructed Townsend not to reenter the premises, Officer Sabin testified that someone behind him grabbed his right arm. Officer Sabin saw a female, later identified as Townsend's aunt, with her hand on his arm. Officer Sabin testified that he removed the woman's hand from his arm and turned back to face Townsend. According to Officer Sabin's testimony, Townsend then pushed Officer Sabin backward, and Townsend began screaming that Officer Sabin could not touch his aunt or speak to her.

¶6. Officer Sabin testified that he attempted to arrest Townsend. However, Officer Sabin stated that Townsend punched him in the chest, and then Townsend tried to choke him. Although the bouncer, Thomas, failed to witness the entire exchange between Townsend and Officer Sabin, the record reflects that Thomas's testimony corroborates Officer Sabin's testimony. Thomas testified that he witnessed Townsend with his hands around Officer

Sabin's throat.

¶7. Officer Sabin further testified that he and Townsend fell to the ground as they continued to struggle. Officer Sabin instructed Thomas and another bouncer, who were trying to assist him, to back away, and Officer Sabin used his mace on Townsend. Officer Sabin testified that the mace appeared to have no effect on Townsend, who continued to scream and fight. At that point, Officer Sabin testified that he struck Townsend in the chest to put distance between himself and Townsend. Townsend then tried to run away, and Officer Sabin chased him.

¶8. Officer Sabin further testified that, all during these events, he repeatedly told Townsend he was under arrest. When Officer Sabin caught up to Townsend, he ordered Townsend to get on the ground. However, Officer Sabin testified that Townsend refused and that Townsend again attempted to punch him. Officer Sabin stated that he sprayed his mace in Townsend's face, and he was then finally able to subdue Townsend. Backup officers arrived and helped Officer Sabin secure Townsend. Once emergency responders medically cleared Townsend, the officers escorted Townsend to jail.

¶9. A grand jury indicted Townsend for aggravated assault on a police officer. *See* Miss. Code Ann. § 97-3-7(2) (Supp. 2011). Following the evidence and testimony presented during the trial, a jury convicted Townsend of simple assault on a law enforcement officer. The circuit court then sentenced Townsend to five years in MDOC's custody, with one year to serve, four years suspended, and four years of postrelease supervision. Following his conviction and sentencing, Townsend filed an unsuccessful motion for a judgment

4

notwithstanding the verdict. Aggrieved, Townsend appeals his conviction and sentence.

## DISCUSSION

### I.     Whether Townsend's indictment was fatally defective.

¶10.    Townsend first asserts that his indictment was fatally defective because it omitted an essential element of the crimes of aggravated assault on a law enforcement officer and simple assault on a law enforcement officer. This Court reviews de novo the question of whether an indictment is fatally defective. *See Tucker v. State*, 47 So. 3d 135, 137-38 (¶8) (Miss. 2010).

¶11.     Townsend's indictment charged him with aggravated assault on a law enforcement officer under section 97-3-7(2). In pertinent part, section 97-3-7(2) states:

> A person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly[,] or recklessly under circumstances manifesting extreme indifference to the value of human life . . . . [A] person convicted of aggravated assault . . . upon a . . . law enforcement officer . . . acting within the scope of his duty, office[,] or employment . . . shall be punished by a fine of not more than Five Thousand Dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both.

¶12.    For the crime of aggravated assault on a law enforcement officer, the State needed to prove that Townsend "(1) committed [aggravated] assault, (2) on a law enforcement officer, (3) while the law enforcement officer was acting within the scope of his duty, office, or employment." *Bates v. State*, 172 So. 3d 805, 808 (¶13) (Miss. Ct. App. 2014) (citation and internal quotation marks omitted).[2] *See also Wilson v. State*, 936 So. 2d 357, 364 (¶19)

---

[2] The record reflects that the jury instructions required the jury to find Townsend guilty of all the statutory elements beyond a reasonable doubt.

(Miss. 2006) (recognizing that "aggravated assault and simple assault are carbon copies of each other, with the exception that aggravated assault requires the use of a deadly weapon." (citing *Hutchinson v. State*, 594 So. 2d 17, 19 (Miss. 1992))).

¶13.    On appeal, Townsend argues his indictment was defective because it failed to state that Officer Sabin was "acting within the scope of his duty, office[,] or employment" when the alleged assault occurred. *See* Miss. Code Ann. § 97-3-7(2). Our caselaw recognizes that "[t]he primary purpose of an indictment is to notify an accused of the charges against him . . . to allow him to prepare an adequate defense." *Brown v. State*, 944 So. 2d 103, 106 (¶8) (Miss. Ct. App. 2006) (citing *Evans v. State*, 916 So. 2d 550, 551 (¶5) (Miss. Ct. App. 2005)). "This simply means that an indictment must provide the accused with 'a concise and clear statement of the elements of the crime' with which the accused is actually charged." *Id.* (quoting *Evans*, 916 So. 2d at 551-52 (¶5)). Precedent further establishes that "[a]n indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." *Gilmer v. State*, 955 So. 2d 829, 836-37 (¶24) (Miss. 2007) (citations omitted).

¶14.    In *Moss v. State*, 752 So. 2d 427, 429-30 (¶¶7-8) (Miss. Ct. App. 1999), the defendant alleged that his indictment failed to include the proper language to charge him with aggravated assault on a law enforcement officer. In discussing Moss's argument, this Court recognized that, "if from a reading of the indictment as a whole the accused is in fact given fair notice of that with which he has been charged, the indictment is legally sufficient." *Id.*

at (¶7) (quoting *Harbin v. State*, 478 So. 2d 796, 799 (Miss. 1985)). This Court found that Moss's indictment followed the statutory language for the crime of aggravated assault on a law enforcement officer and sufficiently notified Moss of the offense charged. *Id.* at 430 (¶8). As a result, we found no merit to Moss's assertions. *Id.* at (¶9).

¶15. In the present case, the record reflects that the heading of Townsend's indictment plainly stated that Townsend was being charged with aggravated assault on a law enforcement officer under section 97-3-7(2). Furthermore, the body of Townsend's indictment stated:

> Maurice Townsend . . . on or about the 27th of November, 2011, . . . did purposely, knowingly[,] or recklessly, under circumstances manifesting extreme disregard for human life, attempt to cause serious bodily injury to Officer David Sabin, a law enforcement officer, in violation of the provisions of [s]ection 97-3-7(2) . . . , which offense is punishable by a fine of not more than Five Thousand Dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi.

¶16. Upon review, we find the indictment clearly notified Townsend of the crime and the statutory section being charged. Both the heading and the body of the indictment provided that Townsend was being charged with aggravated assault on a law enforcement officer under section 97-3-7(2) and that the maximum prison term for the crime was thirty years. In addition, the language of the indictment tracked the statutory language of section 97-3-7(2). A reading of the indictment as a whole gave Townsend fair notice of the charge against him so he could prepare an adequate defense and avoid unfair surprise or the threat of double jeopardy. *See Gilmer*, 955 So. 2d at 836-37 (¶24); *Brown*, 944 So. 2d at 106 (¶8); *Moss*, 752 So. 2d at 429-30 (¶7). As a result, we find no merit to Townsend's argument that his

indictment was fatally defective.

> **II.** **Whether Mississippi should extend the holding of *Batson* to ensure the inclusion of minorities on juries.**

> **III.** **Whether the circuit court erred by dismissing for cause certain potential jurors.**

¶17. In raising his next issues, Townsend concedes that the circuit court followed the principles established in *Batson* during the jury-selection process. However, Townsend still asserts on appeal that, "[u]nder its own laws, rules[,] and statutes, the [S]tate of Mississippi should extend the reach of *Batson* to [e]nsure inclusion of minorities on juries." Furthermore, Townsend argues that the circuit court abused its discretion by striking for cause two potential jurors, one of whom was African American, because they stated they would not listen to the evidence presented. According to Townsend, by strictly applying *Batson* and striking these two potential jurors, the circuit court allowed "an all[-]white jury [to be] seated to try an African American defendant."

¶18. Our precedent establishes that the appellate court "gives deference to the trial court's decision to exclude a juror for cause, and we will not disturb the trial court's decision unless there was an abuse of discretion." *Batiste v. State*, 121 So. 3d 808, 850 (¶91) (Miss. 2013) (citation omitted). This Court has previously acknowledged:

> A juror who may be removed on a challenge for cause is one against whom a cause for challenge exists that would likely affect his competency or impartiality at trial. The [supreme court] has stated that[,] if the evidence is conflicting on the question of whether or not the defendant could receive a fair and impartial trial, deference will be given to the considered opinion of the trial judge.

*Ross v. State*, 16 So. 3d 47, 54 (¶10) (Miss. Ct. App. 2009) (internal citations and quotation

8

marks omitted).

¶19.    During voir dire, the State asked the potential jurors, "Is there anybody here [who] just doesn't want to be here bad enough that you won't listen, that you may not pay attention in the jury room with your fellow jurors?" In response, Juror 21, Carl Lyons, and Juror 45, Christine Blakely, answered affirmatively. The State then followed up with each of the two jurors. The State asked Lyons, "Is that feeling so strong in you that you won't pay attention when witnesses testify?" Lyons again answered affirmatively. The State then asked Blakely, "Because of your work or whatever it is that is distracting you, are you telling us that you can't pay attention enough to be able to make a decision based on things that you hear in a courtroom?" In response, Blakely stated, "Yes, sir."

¶20.    While selecting the jury, the State challenged both Lyons and Blakely for cause. Townsend's attorney objected and said, "Your Honor, normally, I would not have any objection, but this panel is few and far between African Americans, . . . and we would object that Mr. Lyons should be struck for cause for that reason." When asked about striking Blakely, Townsend's attorney said her objection was the same as it had been to the challenge against Lyons. In both instances, however, the circuit court granted the State's challenges for cause because the two jurors had stated they would not pay attention to the evidence presented.

¶21.    Upon review of the record and relevant caselaw, we find no merit to Townsend's arguments. Townsend concedes that the circuit court followed the procedure established in *Batson*. Furthermore, we decline to do as Townsend urges and "extend the reach of

9

*Batson*[.]"

¶22.    In addition, we find no abuse of discretion from the circuit court's dismissal for cause of the two potential jurors, Lyons and Blakely. Although Townsend claims the circuit court's removal of Lyons resulted in an all-white jury trying the case of an African American defendant, this Court has specifically rejected the notion that a defendant is entitled to "a specific racial and gender composition in the selected jury." *See Ross*, 16 So. 3d at 58 (¶28) (citing *Le v. State*, 913 So. 2d 913, 924 (¶21) (Miss. 2005) (overruled on other grounds)); *Gathings v. State*, 822 So. 2d 266, 272 (¶21) (Miss. 2002). Also, as the record reflects, both Lyons and Blakely stated they either would not or could not pay attention to the evidence presented at trial. As our caselaw clearly provides, a juror may be removed for cause when his competency is likely to be affected. *See Ross*, 16 So. 3d at 54 (¶10). For these reasons, we find no abuse of discretion resulting from the circuit court's dismissal of the two potential jurors for cause. Accordingly, we find these arguments lack merit.

¶23.    **THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY OF CONVICTION OF SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH ONE YEAR TO SERVE, FOUR YEARS SUSPENDED, AND FOUR YEARS OF POSTRELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.**

**IRVING AND GRIFFIS, P.JJ., ISHEE AND GREENLEE, JJ., CONCUR. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., BARNES, FAIR AND WILSON, JJ.**

**JAMES, J., DISSENTING:**

¶24.    I respectfully dissent. Townsend's indictment omitted an essential element of the

crime of aggravated assault of a law-enforcement officer in violation of Mississippi Code Annotated section 97-3-7(2) (Supp. 2011). Due to this error, the indictment was insufficient to charge Townsend for that crime. Accordingly, I would reverse and remand with instructions consistent with this opinion.

## DISCUSSION

¶25. The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review. *Tucker v. State*, 47 So. 3d 135, 137 (¶8) (Miss. 2010) (citing *Nguyen v. State*, 761 So. 2d 873, 874 (¶3) (Miss. 2000)). Because the question is an issue of law, the standard of review is de novo. *Id*. at 137-38 (¶8).

¶26. Townsend argues that the indictment was fatally defective because it omitted an essential element of the charged crime of aggravated assault of a law-enforcement officer under section 97-3-7(2). Specifically, Townsend argues that his indictment was insufficient because it omitted the element of "acting within the scope of his duty, office[,] or employment." *See* Miss. Code Ann. § 97-3-7(2). The State argues that Townsend waived this argument because he has raised it for the first time on appeal. "However, it is settled that objections to the sufficiency of an indictment may be raised for the first time on appeal." *Williams v. State*, 169 So. 3d 932, 935 (¶8) (Miss. Ct. App. 2014) (citing *Tucker*, 47 So. 3d at 137 (¶8)).

¶27. To be found guilty of simple assault of a law-enforcement officer, the State was required to prove Townsend (1) committed simple assault, (2) on a law-enforcement officer, (3) while the law-enforcement officer was acting within the scope of his duty, office, or

11

employment. *Bates v. State*, 172 So. 3d 695, 696 (¶4) (Miss. 2015) (citing Miss. Code Ann. § 97-3-7(1)(b), (14)(a) (Rev. 2015)).  Likewise, "while the law-enforcement officer was acting within the scope of his duty, office[,] or employment" is an essential element of the crime of aggravated assault of a law-enforcement officer under section 97-3-7(2).

¶28.    Townsend's indictment contained the heading "AGGRAVATED ASSAULT- Law Enforcement Officer[.]"  Under the heading, the indictment identified the specific statute, Mississippi Code Annotated section 97-3-7(2),  and noted the statutory maximum sentence of thirty years.  The indictment also provided in pertinent part:

> Maurice Townsend . . . on or about the 27th of November[] 2011 . . . did purposely, knowingly or recklessly under circumstances manifesting extreme disregard for human life, attempt to cause serious bodily injury to Officer David Sabin, a law enforcement officer, in violation of the provisions of Section 99-3-7(2) . . . which offense is punishable by a fine of not more than Five Thousand Dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi.

¶29.    The essential element of "acting within the scope of his duty, office[,] or employment" is obviously omitted from the indictment.  *See* Miss. Code Ann. § 97-3-7(2).

¶30.    "The state and federal bill of rights guard the constitutional right to notice of criminal charges." *Gales v. State*, 131 So. 3d 1238, 1240 (¶10) (Miss. Ct. App. 2013) (citing *Thomas v. State*, 126 So. 3d 877, 880 (¶7) (Miss. 2013); U.S. Const. amend. VI; Miss. Const. art. 3, § 26).  While it is true that the "primary purpose of an indictment is to give a defendant fair notice of the crime charged," *Williams,* 169 So. 3d at 935 (¶9), the inquiry does not end there.

¶31.    "[A]n indictment *must* contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend,

and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." *Gilmer v. State*, 955 So. 2d 829, 836-37 (¶24) (Miss. 2007) (emphasis added); *see also Thomas*, 126 So. 3d at 880 (¶7) ("All the authorities are to the effect that an indictment, to be sufficient upon which a conviction may stand, ***must*** set forth the constituent elements of a criminal offense." (emphasis added)). The Mississippi Supreme Court has repeatedly held that indictments based on statutory offenses are void if they do not charge all essential elements of the statutory crime. *Gales*, 131 So. 3d at 1240 (¶10) (internal citations omitted).

¶32. Townsend's indictment failed to include an essential element of the crime of aggravated assault of a law-enforcement officer under section 97-3-7(2) by omitting the element "within the scope of his duty, office[,] or employment." Because the indictment lacked a material essential element, it was legally insufficient to charge Townsend with aggravated assault of a law-enforcement officer in violation of section 97-3-7(2).

¶33. The plurality holds that the indictment gave fair notice of the charge against Townsend. However, "[t]here is no acceptable substitute or cure in the law for an indictment that omits the essential charging information." *White v. State*, 851 So. 2d 400, 403 (¶5) (Miss. Ct. App. 2003). Indeed, "the missing critical elements from an indictment may not be supplied by proof presented at trial or by jury instructions that adequately set out the essentials of the charged crime." *Id.* at 404 (¶9).

¶34. The plurality relies on *Moss v. State*, 752 So. 2d 427, 429-30 (¶¶7-8) (Miss. Ct. App. 1999), in support of its opinion. However, the indictment in *Moss* contained every essential

13

element of aggravated assault of a law-enforcement officer, unlike Townsend's indictment. In *Moss*, this Court found:

> The indictment properly outlined and notified Moss that he was being indicted for aggravated assault upon a law enforcement officer. The indictment followed the language of the statute in stating Moss "purposely and knowingly caused bodily injury to Danny Henson, a law enforcement officer, a Town of Lambert, Mississippi, policeman, with a deadly weapon, a pistol, *while such law enforcement officer was acting within the scope of his duty and office*." The language of the indictment was sufficient to notify Moss that he was being charged with the enhanced crime of aggravated assault upon a law enforcement officer.

*Id.* (emphasis added).

¶35. In *Gales*, this Court reversed the defendant's conviction and dismissed his indictment because it did not contain all essential elements of the crime of burglary of a nondwelling. *Gales*, 131 So. 2d at 1238-39 (¶¶1-2). This Court held: "[T]he failure to charge [the defendant] with a crime cognizable under Mississippi law is a plain, constitutional error and requires dismissal of the indictment and reversal of the conviction[.]" *Id.* at 1240 (¶11).

¶36. Again, the Mississippi Supreme Court has emphasized that an indictment that fails to allege all essential elements of a crime runs a foul of our constitutions and is void. *Id.* at 1239 (¶2) (citing *Thomas,* 126 So. 3d at 880 (¶7)). However, I would find that Townsend's indictment was not entirely void because it properly charged him with every essential element of the crime of aggravated assault under section 97-3-7(2). Because simple assault is a lesser-included offense of aggravated assault, Townsend concedes that the jury properly found him guilty of simple assault. I agree.

¶37. Under the direct-remand rule, this Court may remand a case to the circuit court for

sentencing on a lesser-included offense where the greater offense was not proven, but the elements of the lesser-included offense were sufficiently met. *Snowden v. State*, 131 So. 3d 1251, 1259 (¶22) (Miss. Ct. App. 2014).

¶38.    Therefore, I would reverse Townsend's judgment of conviction for simple assault of a law-enforcement officer, vacate Townsend's sentence for that charge, and remand this case to the circuit court with instructions to sentence Townsend for basic simple assault, i.e., not on a law-enforcement officer.

**LEE, C.J., BARNES, FAIR AND WILSON, JJ., JOIN THIS OPINION.**