JAMES, J.,
dissenting:
¶ 24. I respectfully dissent, Townsend’s indictment omitted an essential element of the crime of aggravated assault of a law-enforcement officer in violation of Mississippi Code Annotated section 97-3-7(2) (Supp.2011). Due to. this error, the indictment was insufficient to charge Townsend for that crime, Accordingly, I would reverse and remand with instructions consistent with this opinion.
DISCUSSION
¶ 25. The question of whether an-indictment is fatally defective is an issue of law and deserves a relatively broad standard of review. Tucker v. State, 47 So.3d 135, 137 (¶ 8) (Miss.2010) (citing Nguyen v. State, 761 So.2d 873, 874 (¶ 3) (Miss.2000)). Because the question is an issue of law, the standard of review is de novo. Id. at 137-38 (¶ 8).
¶ 26. Townsend argues that the indictment was fatally-defective because it omitted an essential element of the charged crime of aggravated assault of a law-enforcement officer under section 97-3-7(2). Specifically, Townsend argues that his indictment was insufficient because it omit *623 ted the element of “acting within the scope of his duty, office[,] or employment.” See Miss.Code Ann. § 97-3-7(2). The State argues that Townsend waived this argument because he has raised it for the first time on appeal. “However, it is settled that objections to the sufficiency of an indictment may be raised for the first time on appeal.” Williams v. State, 169 So.3d 932, 935 (¶ 8) (Miss.Ct.App.2014) (citing Tucker, 47 So.3d at 137 (¶ 8)).
¶ 27. To be found guilty óf simple assault of a law-enforcement officei", the State was required to prove Townsend (1) committed simple assault, (2) on a law-enforcement officer, (3) while the law-enforcement officer was acting within the scope of his duty, office, or employment. Bates v. State, 172 So.3d 695, 696 (¶ 4) (Miss.2015) (citing Miss.Code Ann. § 97-3-7(1)(b), (14)(a) (Rev.2015)). Likewise, “while the law-enforcement officer was acting within the scope of his duty, office[,] or employment” is an essential element of the crime of aggravated assault of a law-enforcement officer under section 97-3-7(2).
¶28. Townsend’s indictment contained the heading “AGGRAVATED ASSAULT-Law Enforcement Officer])]” . Under the heading, the indictment identified the specific statute, Mississippi Code Annotated section 97-3-7(2), and noted the statutory maximum sentence of thirty years. The indictment also provided in pertinent part:
Maurice Townsend ... on or about the 27⅛ of November[ ] 2011 ... did purposely, knowingly or recklessly under circumstances manifesting extreme disregard for human life, attempt to cause serious bodily injury to Officer David Sabin, a law enforcement officer, in violation of the provisions of Section 99-3-7(2) ... which offense is punishable by a fine of not more than Five Thousand Dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi.
¶ 29. The essential element of “acting within the scope of his duty, office[,] or employment” is obviously omitted from the indictment. See Miss.Code Ann. § 97-3-7(2):
¶30. “The state and federal bill of rights guard the constitutional right to notice of criminal charges.” Gales v. State, 131 So.3d 1238, 1240 (¶ 10) (Miss.Ct.App.2013) (citing Thomas v. State, 126 So.3d 877, 880 (¶ 7) (Miss.2013); U.S. Const. amend. VI; Miss. Const. art. 3, § 26). While it is true that the “primary purpose of an indictment is to give a defendant fair notice of the crime charged,” Williams, 169 So.3d at 935 (¶ 9), the inquiry does not end there.
¶ 31. “[A]n indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense.” Gilmer v. State, 955 So.2d 829, 836-37 (¶ 24) (Miss.2007) (emphasis added); see also Thomas, 126 So.3d at 880 (¶ 7) (“All the authorities are to the effect that an indictment, to be sufficient upon which a conviction may stand, must set forth the constituent elements of a,criminal offense.” (emphasis added)). The Mississippi Supreme Court has repeatedly held that indictments based on statutory offenses are void if they do not charge ah essential elements of the statutory crime. Gales, 131 So.3d at 1240 (¶ 10) (internal citations omitted).
¶ 32. Townsend’s indictment failed to include an essential element of the crime of aggravated assault of a law-enforcement officer under section 97-3-7(2) by omitting *624 the element “within the scope of his duty, office[,] or employment.” Because the indictment lacked a material essential element, it was legally insufficient to charge Townsend with aggravated assault of a law-enforcement officer in violation of section 97-3-7(2).
¶ 33. The plurality holds that the indictment gave fair notice of the charge against Townsend. However, “[t]here is no acceptable substitute or cure in the law for an indictment that omits the essential charging information.” White v. State, 851 So.2d 400, 403 (¶ 5) (Miss.Ct.App.2003). Indeed, “the missing critical elements from an indictment may not be supplied by proof presented at trial or by jury instructions that adequately set out the essentials of the charged crime.” Id. at 404 (¶ 9).
¶ 34. The plurality relies on Moss v. State, 752 So.2d 427, 429-30 (¶¶ 7-8) (Miss.Ct.App.1999), in support of its opinion. However, the indictment in Moss contained every essential element of aggravated assault of a law-enforcement officer, unlike Townsend’s indictment. In Moss, this Court found:
The indictment properly outlined and notified Moss that he was being indicted for aggravated assault upon a law enforcement officer. The indictment followed the language of the statute in stating Moss “purposely and knowingly caused bodily injury to Danny Henson, a law enforcement officer, a Town of Lambert, Mississippi, policeman, with a deadly weapon, a pistol, while such law enforcement officer was acting within the scope of his duty and office.” The language of the indictment was sufficient to notify Moss that he was being charged with the enhanced crime of aggravated assault upon a law enforcement officer.
Id. (emphasis added).
¶ 35. In Gales, this Court reversed the defendant’s conviction and dismissed his indictment because it did not contain all essential elements of the crime of burglary of a nondwelling. Gales, 131 So.3d at 1238-39 (¶¶ 1-2). This Court held: “[T]he failure to charge [the defendant] with a crime cognizable under Mississippi law is a plain, constitutional error and requires dismissal of the indictment and reversal of the conviction[.]” Id. at 1240 (¶ 11).
¶36. Again, the Mississippi Supreme Court has emphasized that an indictment that fails to allege all essential elements of a crime runs a foul of our constitutions and is void. Id. at 1239 (¶ 2) (citing Thomas, 126 So.3d at 880 (¶ 7)). However, I would find that Townsend’s indictment was not entirely void because it properly charged him with every essential element of the crime of aggravated assault under section 97-3-7(2). Because simple assault is a lesser-included offense of aggravated assault, Townsend concedes that the jury properly found him guilty of simple assault. I agree.
¶37. Under the direct-remand rule, this Court may remand a case to the circuit court for sentencing on a lesser-included offense where the greater offense was not proven, but the elements of the lesser-included offense were sufficiently met. Snowden v. State, 131 So.3d 1251, 1259 (¶ 22) (Miss.Ct.App.2014).
¶ 38. Therefore, I would reverse Townsend’s judgment of conviction for simple assault of a law-enforcement officer, vacate Townsend’s sentence for that charge, and remand this case to the circuit court with instructions to sentence Townsend for basic simple assault, i.e., not on a law-enforcement officer.
LEE, C.J., BARNES, FAIR AND WILSON, JJ., JOIN THIS OPINION.