# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-01690-COA

**KYLE D. DEAN**                                                         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/25/2018 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | ANTHONY J. BUCKLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND RENDERED - 05/05/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE J. WILSON, P.J., McDONALD AND C. WILSON, JJ.

### C. WILSON, J., FOR THE COURT:

¶1. Kyle Dean appeals his conviction for burglary of a building. Dean asserts that there was insufficient evidence to support his guilty verdict because the State failed to prove beyond a reasonable doubt that a breaking occurred (an essential element of burglary of a building). Upon review, we agree. We therefore reverse and render.

## BACKGROUND AND PROCEDURAL HISTORY

¶2. Bobby Stubbs and Lorna Walker owned a house in Laurel, Mississippi. The couple did not live in the house yet because they were renovating it. While the house was being

renovated, Stubbs set up a security camera to monitor the house. The camera detected motion and audio and alerted the couple's cell phones when activated.

¶3. On July 18, 2017, a little before 5:00 a.m., Walker awoke to an alert on her cell phone from the security camera. Walker pulled up the camera footage on her phone and saw that a man was in her future home. Walker, who was out of town at the time, immediately texted Stubbs, who was at work, to inform him that a man was in their house. Stubbs, who also saw the man on the camera footage, called the police. Walker then spoke to the intruder through the security-camera application on her phone. After she asked the man what he was doing in her house, the man left.

¶4. Following the incident, a few small appliances, such as a toaster oven and a blender, were missing from Walker and Stubbs's future home. Walker provided the police with video footage from the security camera. The State presented the video as an exhibit at trial. In the video, a black male with a white hat, a dark color shirt, and a red drawstring backpack is walking around the house. The video does not show the individual taking any appliances and does not show how the individual entered or exited the house.

¶5. Investigator Earl Reed was one of the responding officers following the incident. About a day after the incident, Reed apprehended Dean in the area near Walker and Stubbs's house. When Reed apprehended Dean, Dean was wearing a red drawstring backpack.

¶6. At trial, Walker and Stubbs identified Dean as the man that they saw (on camera) in their future home. Stubbs testified that he had visited the house on July 17, 2017, the day before the incident, to get some things for his grandchildren and to check on the renovations.

2

But Stubbs did not testify as to whether he made sure that the house's windows and doors were secured before he left. Likewise, the State offered no evidence about the condition of the house's doors or windows at the actual time of the incident.

¶7. Ultimately, a Jones County Circuit Court jury convicted Dean of one count of burglary of a building. The circuit court sentenced Dean to serve seven years in the custody of the Mississippi Department of Corrections. Dean appealed, raising two issues: (1) that "the evidence was insufficient to prove beyond a reasonable doubt that a breaking occurred" and (2) that the jury's guilty verdict was against the overwhelming weight of the evidence. Because we agree that there was insufficient evidence to support the guilty verdict, we do not address Dean's second issue.

## DISCUSSION

¶8. In considering whether the evidence is sufficient to sustain a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Williams v. State*, 35 So. 3d 480, 485 (¶16) (Miss. 2010). Where the facts and inferences "point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty, the proper remedy is . . . to reverse and render." *Id*. However, if "reasonable fair-minded [jurors] in the exercise of impartial judgment might reach different conclusions on every element of the offense," the evidence is sufficient, and the conviction should be sustained. *Id*.

3

¶9. It was the State's duty to "prove beyond a reasonable doubt" that Dean committed all elements of burglary of a non-dwelling. *Ward v. State*, 285 So. 3d 136, 140 (¶16) (Miss. 2019). As set forth in Mississippi Code Annotated section 97-17-33(1) (Rev. 2014), the elements of burglary of a non-dwelling are "(1) breaking and entering a building; (2) where something of value is kept for use, sale, deposit, or transportation; and (3) the intent to commit a specific crime therein." *Gales v. State*, 131 So. 3d 1238, 1240 (¶9) (Miss. Ct. App. 2013) (citing Miss. Code Ann. § 97-17-33). "[A] breaking is conducted by an act of force, regardless of how slight, necessary to be used in entering a building, such as turning a knob, a slight push to further open a door, or raising a latch." *Foster v. State*, 281 So. 3d 229, 233 (¶11) (Miss. Ct. App. 2019). In other words, "[t]o constitute burglary, a structure must generally be closed. Otherwise the entry is merely a trespass, not a breaking and a burglary." *Id*. (internal quotation marks omitted).

¶10. Here, similar to *Foster*, the State presented "no evidence of the condition of the [doors] on the date of the incident." *Id*. at (¶12). During questioning, the State did not elicit any testimony regarding the breaking element. Despite Stubbs's testimony that he had visited the house the day before the incident, Stubbs did not testify as to whether he checked to ensure the windows and doors to the house were locked or even shut. Further, the video introduced by the State does not show the alleged burglar entering or exiting through a closed door or window, and the State did not offer any photographs of the home's windows or doors to show proof of breaking. We thus find that based on the evidence, the State did not prove the element of "breaking" beyond a reasonable doubt.

¶11. Generally, when a "breaking" cannot be found, a jury can consider the lesser-included charge of trespass. *Id*. at (¶13). "The elements of trespass include wilfully and maliciously entering another's property without permission or remaining on his or her property after being told to leave." *Ladd v. State*, 87 So. 3d 1108, 1116 (¶23) (Miss. Ct. App. 2012). However, the State did not request a jury instruction on the lesser-included offense of trespass at trial. And the State has not argued on appeal that we should remand for sentencing on the crime of trespass if no "breaking" is found. Accordingly, consistent with *Foster*, 281 So. 3d at 233 (¶13), we reverse and render the judgment of the Jones County Circuit Court.

¶12. **REVERSED AND RENDERED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. CARLTON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**